## CALDER'S PARK CO. v. CORLESS, Sheriff.

No. 3111. Decided April 3, 1918. (172 Pac. 310.)

1. FIXTURES—REMOVAL BY TENANT. Under the common law, structures, such as a scenic railway, when once annexed to the freehold, became a part of it, and were not subject to removal by the tenant. (Page 589.)

2. FIXTURES—RIGHT OF REMOVAL—INTENTION OF PARTIES. Courts generally favor the tenant, and recognize the right to remove fixtures when same may be done without material injury to the freehold, and in every case the intention and purpose of the parties as to whether fixtures are to be regarded as realty or personalty will be controlling. (Page 589.)

3. FIXTURES—SCENIC RAILWAY—PERSONAL PROPERTY. Where a park company leased land for the erection of a scenic railway by the tenants, and the lease provided for a right of option in the company to purchase the railway, such railway was personal property, subject to removal after expiration of the term if not sooner purchased under the option afforded the park company. (Page 589.)

4. FIXTURES—EXECUTION—SALE OF FIXTURES—RIGHT OF REMOVAL. Where a lease of land for erection of a scenic railway made by a park company to an amusement company obligated the amusement company not only to construct but to maintain and operate a scenic railway on the premises for the full term of ten years, and to pay the park company 12½ per cent. of the gross receipts monthly, though such scenic railway was personal property, purchasers thereof under execution sale could not remove the railway until the term of the

lease had expired, since attaching creditors or purchasers at execution sale acquire no better right to fixtures than the lessee had under the lease. (Page 590.)

Appeal from District Court of Salt Lake County, Third District; *Hon. M. L. Ritchie*, Judge.

Action by the Calder's Park Company against John S. Corless, Sheriff of Salt Lake County, Wandemere Amusement Company, Mildred Smith, and Peter Smith, her guardian ad litem, and the Utah Equipment and Storage Company.

Judgment for defendants. Plaintiff appeals.

REVERSED and remanded, and decree entered for plaintiff.

*J. H. Hurd* and *L. L. Bagley for* appellant.

*F. E. McCracken* and *W. R. Hutchinson* for respondent.

CORFMAN, J.

The plaintiff commenced this action in the district court of Salt Lake County to enjoin the defendants from tearing down and removing a scenic railway, with its equipment, from lands owned by the plaintiff. The record discloses little, if any, dispute as to the material facts.

It appears that on the 11th day of March, 1909, the plaintiff leased, in writing, for a term of ten years, to one W. E. Sutherland, a portion of certain lands owned by it, commonly known as Calder's Park and used for a public pleasure resort or amusement purposes; that under the terms of the lease the said Sutherland constructed and equipped for operation on the land a scenic railway and thereafter, with the consent of plaintiff, assigned the lease to the defendant Wandamere Amusement Company; that under the terms of the said lease the scenic railway was to be maintained and operated for a period of ten years, and the plaintiff was to have 12½ per cent. of the gross receipts derived from its operation. The lease further provided that the plaintiff had the option and

privilege of purchasing the scenic railway, with its appurtenances, and terminating the lease upon payment of the sum of $12,000 on or after the 1st day of October, 1909.

After the assignment of the lease by Sutherland to the Wandamere Amusement Company, the defendant Mildred Smith, by Peter Smith, her guardian ad litem, obtained a judgment for $7,312.50 against the Wandamere Amusement Company, upon which execution was issued and placed in the hands of the defendant John S. Corless, as the sheriff of Salt Lake County, and the said sheriff, pursuant to a levy, on the 21st day of March, 1916, sold at execution sale all the interests of the Wandamere Amusement Company, exclusive of the leasehold interest in the land, to Mildred Smith, and she thereafter by her said guardian sold the same to the defendant Utah Equipment & Storage Company, contingent upon giving lawful and peaceable possession to the said purchaser. The plaintiff refused to permit a removal of the property from its land thus sold and brought this action seeking to enjoin the defendants from removing the same. Trial was to the court without a jury, the issues found for the defendants, a judgment entered dismissing plaintiff's action, and in conformity therewith an order made requiring the plaintiff to permit the defendant Utah Equipment Company to remove the railway with its equipment from the lands of the plaintiff. Plaintiff appeals.

The errors assigned by plaintiff are fourteen in number, all, however, bearing on the question as to whether the plaintiff is entitled to injunctive relief forbidding the removal of the property by the defendants, thus sold at execution sale, from the land of the plaintiff, without its consent.

Among the errors particularly complained of by plaintiff are the findings of the trial court, as follows:

"The court finds that, under the terms of the written lease given by the plaintiff to W. E. Sutherland and assigned to Wandamere Amusement Company, a corporation, the lessor acquired no lien, interest, or ownership in and to the property and equipment upon which said sheriff levied said execution, all of said property so sold by the sheriff is personal property

and is not a part of the realty upon which the same is located.

"The court finds that the property owned by the Wanda-mere Amusement Company consisted of said scenic railway and equipment upon which said sheriff levied said execution, was the property of the Wandamere Amusement Company, and that the plaintiff has not exercised its option named in said written lease and had not purchased said property from the Wandamere Amusement Company under the terms of said lease at the time when said levy and sale were made by said sheriff, and the plaintiff has not acquired any interest in said property under the terms of said lease, and that plaintiff is not entitled to any equitable relief under the issues and facts proven in the action, and is not entitled to any relief as against the defendants or any of them under the evidence as proven."

The written agreement of lease entered into by the plaintiff and W. E. Sutherland for a term of ten years is silent as to whether or not the improvements to be placed upon the lands of the plaintiff may be removed from the premises upon the expiration of the term of lease, without the consent of the plaintiff.

Under the rules of the common law, as it prevailed in England, structures of the character named in the lease when once annexed to the freehold became a part of it and were not subject to removal by the tenant. This rule, 1, 2, 3 with some exceptions, has been relaxed in favor of the tenant. The courts now generally favor the tenant and recognize the right of removal, where the same may be done without material injury to the freehold, and in any case the intention and purpose of the parties as to whether fixtures are to be regarded as real or personal property will be controlling upon the courts. In view of these well-established and recognized doctrines, and taking into consideration the fact that in the case at bar the agreement of lease itself provided for the right of option in the lessor to purchase the scenic railway placed on plaintiff's land by the lessee, we think the same must be regarded and treated as personal property, subject to removal after the expiration of the term, if not sooner purchased

under the option afforded the lessor under the provisions of the lease.

However, the right of defendants, as purchasers under execution sale, to remove the scenic railway from the plaintiff's lands before the termination of the lease, presents a different question.

The agreement of lease, after providing for the place on plaintiff's lands for the erection and maintenance of the scenic railway, with its appurtenances, provided that the lease should continue for a period of ten years, and the lessee therein covenanted and agreed:

"In consideration of the grant of the said privileges and lease to construct according to plans and specifications to be submitted to the first party herein the said railway and pavilion and all appurtenances necessary to complete the operation of the same at his own sole cost and expense. * * * And that he will pay the said first party twelve and one-half (12½). per cent. of the gross receipts from the operation of the said scenic railway, monthly. * * *

"Second party further agrees that during the continuance of this lease, he will give his personal attention to the construction, operation and maintenance of the said railway and pavilion, and that he will not assign nor attempt to assign this lease to any person without the written consent of the said first party first had and obtained."

From the language of the foregoing provisions of the lease, it appears that the lessee is placed under obligation to not only construct but to maintain and operate a scenic railway on plaintiff's premises for the full term of ten years. In other words, it is made plain by the covenants of the lessee that he is to construct and then maintain on the plaintiff's land a scenic railway for the full period of ten years, and that during this period he will not have the right to remove it without the plaintiff's consent. If then the lessee may not remove the property during the term, without the plaintiff's consent, the question then presents itself: Have the defendants, as purchasers under the execution sale, any better right to remove the property than had the lessee or those claiming directly

under him? This is the decisive question in this case. Respondent contends in his brief, that, inasmuch as the execution sale did not affect the rights of the tenant under the lease, the purchaser may take the property purchased relieved of any and all rights the plaintiff may have had therein as against the lessee. In this contention we cannot agree. The title to the scenic railway acquired by the respondents as purchasers under execution sale, under the facts and circumstances here disclosed, must be held to be only such as they would receive by a conveyance or transfer direct from the lessee. Freeman on Executions (3d Ed.) vol. 3, p. 1934.

It is manifest from the terms of the lease that the plaintiff had the right to have the scenic railway kept and maintained upon its premises during the full term of the lease, and any attempt of the lessee or those claiming directly under him to remove it would have been a direct violation of its rights. Attaching creditors or purchasers at execution sale acquire no better right to improvements of the character involved in this action than had the lessee under the provisions of the lease. Ewell on Fixtures (2d Ed.) 545; *L. V. G. M. & M. Co.* v. *Lambert,* 15 Colo. App. 445, 62 Pac. 966; *Webster Lumber Co.* v. *Keystone L. & M. Co.,* 51 W. Va. 545, 42 S. E. 632, 66 L. R. A. 33; *Snowden* v. *Memphis Park Ass'n,* 7 Lea (75 Tenn.) 224, 225.

As pointed out, the agreement of lease between the plaintiff and the lessee, W. E. Sutherland, provided that the scenic railway should be maintained and operated on plaintiff's land for the full period of ten years. During this term the plaintiff is entitled to have it maintained in its park as an attraction to the public and to receive 12½ per cent. of the gross income derived from its operation. The order therefore made by the trial court directed to the plaintiff to permit its removal by the defendants, claiming the right to do so under execution sale, before the expiration of the term as in the lease provided, was, to our minds, clearly an invasion of plaintiff's rights. For the reasons stated, we are of the opinion that the trial court committed error in sustaining defendants' demurrer to plaintiff's complaint, in dismissing the action, and in denying

the plaintiff the injunctive relief prayed for against defendants in the complaint.

It is therefore ordered that the judgment of the trial court be reversed, the cause be remanded to the district court, and that a decree be entered herein in favor of the plaintiff enjoining the defendants from removing the property involved in this action from plaintiff's premises, prior to the termination of the lease, in these proceedings mentioned and set forth. Costs to the plaintiff.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.