DAHL et al. v. PRINCE et al.

No. 7532.   Decided April 23, 1951.   (230 P. 2d 328.)

Rehearing denied June 19, 1951.

See 60 C. J. S., Motor Vehicles, Sec. 41. Possession in plaintiff as basis of action for wrongful levy. 5 Am. Jur., Attachment and Garnishment, Secs. 984 et seq. eq.; 150 A. L. R. 230.

*Richards & Bird,* Salt Lake City, for appellants.

*Pickett & Pickett,* St. George, for respondent.

McDONOUGH, Justice.

The question for decision is whether an attaching creditor of a vendor of a motor vehicle can, in view of Sec. 57—

3a—72, U. C. A. 1943, hereinafter quoted, prevail over the vendee thereof and apply the proceeds of the sale of the vehicle on any judgment obtained against the vendor.

A Buick car was registered in the names of E. E. Garn and wife. They traded it to plaintiff as part payment on a truck and endorsed the certificate of ownership on February 10, 1949. The plaintiff made no effort to have transfer of title on the records of the State Tax Commission. Some repairs were made to the truck so purchased and on February 17, 1949, plaintiff permitted the Garns to use the Buick while the truck was being repaired. On February 7, 1949, C. G. Green, intervener herein, commenced an action against the Garns on contract, and after checking the records in the motor division of the State Tax Commission, procured a writ of attachment and had the same levied on said Buick on February 17, 1949, the day plaintiff permitted the Garns to use the Buick while repairs were being made on the truck. The automobile was in the actual custody of the Garns at the time of levy of the writ.

While the Buick was in the custody of Sheriff Antone B. Prince by virtue of levy of the writ of attachment, plaintiff commenced this claim and delivery action against him, and C. G. Green as the attaching creditor of the Garns intervened. At the trial the facts were stipulated, leaving only questions of law to be determined by the court. The trial judge held that as between the Garns and the plaintiff purchaser for value, the plaintiff was the owner and had the right of possession; and that the failure to apply for transfer of title on the motor vehicle records in the office of the State Tax Commission did not result in giving the attaching creditor any greater rights than the debtor then had in the property. The court also allowed to plaintiff as damages the sum of $200 for attorney fees.

Defendant and intervener, as appellants, seek reversal of the judgment entered in favor of plaintiff, on two

grounds: (1) That an attaching creditor of a seller of an automobile is entitled to prevail over a purchaser who has failed to have title transferred on the records in the office of the State Tax Commission. (2) That judgment allowing attorney fees was erroneous, in any event, for the reason no punitive damages were awarded.

With respect to the award of $200 for attorney fees as damages for depriving plaintiff of possession by writ of attachment, the judgment was clearly erroneous. There was no contract involved which authorized the award of counsel fees and there was no basis for an award of punitive damages. See 15 Am. Jur. p. 551, 25 C. J. S., Damages, § 50, p. 531, and *Drinkhouse* v. *Van Ness*, 202 Cal. 359, 260 P. 869. Cf. *St. Joseph Stock Yards Co.* v. *Love*, 57 Utah 450, 195 P. 305, 25 A. L. R. 569.

The appellants contend that they were entitled to retain the vehicle under the writ of attachment for the reason that failure of plaintiff to effectuate a transfer of title on the records of the State Tax Commission, had the same effect as if no sale had been consummated as far as the attaching creditor is concerned. They rely on the language of Sec. 57—3a—72, U. C. A. 1943:

"Until the department shall have issued such new certificate of registration and certificate of ownership, delivery of any vehicle required to be registered shall be deemed not to have been made and title thereto shall be deemed not to have passed, and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose except as provided in section 76 of this act."

The provisions of Section 76, Sec. 57—3a—77, U. C. A. 1943, have no application to the facts of this case.

Obviously, the equitable title passes to the purchaser upon a bona fide sale for value. Sec. 57—3a—72 requires re-registration in order for the legal title to pass to the purchaser or the pledgee or mortgagee. In *Jackson* v. *James* 97 Utah 41, 89 P. 2d 235, the plaintiff sued to recover possession of a Dodge coupe which she alleged had been

given to her as a wedding gift.  It was admitted that there was no transfer of the certificate of ownership on the records of the motor vehicle department of the State Tax Commission.  The defendant administrator alleged that the gift was void or incomplete by reason of failure to have a new certificate of ownership issued to the alleged donee. We held that the gift of ownership would be complete as between the donor and donee without change in registration.  We pointed out that by Section 67 of the act, 57—3a—68, it is provided that:

"Upon any such transfer a new owner may either secure a new registration and certificate of title on proper application, upon presentation of such instruments or documents of authority or certified copies thereof as may be sufficient or required by law to evidence or effect a transfer of title or interest in or to chattels in such case, or such new owner, upon transferring his title or interest to another person shall execute and acknowledge an assignment and warranty of title and deliver the same, also the documents of authority or certified copies thereof as may be sufficient or required by law to evidence the right of such person, to the person to whom such transfer is made."

It was also noted that by Section 63 of the act, 57—3a—64, it was provided that before operating or permitting the operation of such vehicle on a highway, the transferee shall present to the department of motor vehicle registration, the certificate of title properly endorsed and apply for and obtain a new certificate of title for said vehicle and new registration, except as provided in Sections 64 and 66, 57—3a—65 and 67.  By implication, the statute indicates that the transferee gets title of some kind before the re-registration.  Section 67, 57—3a—68, clearly indicates that at least the equitable title passes by delivery of the certificate of ownership to a bona fide purchaser for value, together with the right to transfer to a third party purchaser the evidence of title.  The statute makes the registration evidence of title and ownership, for protection of innocent purchasers.

The dissenting opinion in *Jackson* v. *James* clearly expounds the construction of the statute contended for by

appellants, but therein rejected by the majority of the court, and discusses the cases from other jurisdictions which are cited and relied on by appellants here. It would serve no useful purpose to again review them in this opinion.

The Oregon Supreme Court in construing a somewhat similar statute in *Briedwell* v. *Henderson,* 99 Or. 506, 195 P. 575, held that the failure of a purchaser to observe the requirements of the statute on registration did not "cast out from the protection of the law" the vehicle in question, and that the purchaser who had not obtained a new certificate could maintain a claim and delivery action inasmuch as he acquired the possession of the vehicle by lawful means.

Holding as we do, that the equitable title to the Buick car passed to plaintiff in consequence of the exchange agreement, notwithstanding failure of plaintiff to effectuate a transfer of certificate of title, the remaining question is whether the attaching creditor of the seller could acquire any greater rights in the vehicle than the seller had at the time the writ of attachment was levied.

Neither an attaching creditor nor an execution creditor is in the position of a bona fide purchaser for value. He divests the debtor of only such title as the debtor has at the date of the levy. *Calder's Park Co.* v. *Corless,* 51 Utah 586, 172 P. 310. Unlimited mischief would result if the law were otherwise, for a person purchasing an automobile under written contract would be in a precarious situation financially in the event a writ of attachment were procured against the seller prior to the lapse of sufficient time necessary to permit issuance of a new certificate of registration and a new certificate of ownership.

No such result was intended by the Legislature. The statute in question was enacted to protect innocent purchasers, not to injure them nor to deprive them of their

equities under purchase agreements. The language of the statute does not declare that an attaching creditor of the seller acquires any greater interest in the vehicle than the seller has at the date of attachment. If the seller has merely a bare legal title with a duty to transfer the certificate of ownership or permit its transfer, the attaching or execution creditor can acquire no greater rights under the levy. *Calder's Park Co. v. Corless, supra.* The purchaser thereby cannot be deprived of his purchase made in good faith, nor thereby become divested of his right to have transfer of legal title.

The judgment as to the award of counsel fees is reversed, and the judgment awarding possession of the motor vehicle to plaintiff is affirmed. Each party shall pay his own costs on this appeal.

WOLFE, C. J., and WADE, LATIMER, and CROCKETT, JJ., concur.