439 P.2d 464

James A. McINTOSH, Trustee in Bankruptcy, Estate of Bountiful Materials and Construction Company, Inc., B–446–65, Plaintiff and Appellant,

v.

UNITED STATES of America, Defendant and Respondent.

No. 11078.

Supreme Court of Utah.

April 4, 1968.

John H. Allen, of Allen & Paulsen, Salt Lake City, for appellant.

William T. Thurman, U. S. Atty., Walker E. Anderson, Asst. U. S. Atty., Salt Lake City, for respondent.

ELLETT, Justice:

This appeal involves two questions of law: (a) Is a mortgage given on property to be acquired in the future valid? (b) Is a chattel mortgage given on a motor vehicle valid when not registered with the Utah State Tax Commission within ten days after date?

The appellant is the trustee of a debtor that was adjudicated a bankrupt on April 21, 1965. On May 20, 1963, the debtor obtained a loan from the Small Business Administration and as security therefor gave a chattel mortgage containing the following terms:

> That Mortgagor hereby mortgages and warrants to Mortgagee the personal property referred to and particularly described in the inventory and schedule of said property hereunto annexed, marked "Exhibit A" and by reference incorporated herein and made a part hereof, and located in and upon the premises known and described as 345 South 11th East, Bountiful, Utah and also any and all of Mortgagor's personal property, not specifically enumerated in said "Exhibit A", now or hereafter located in or upon the premises above-described or any part thereof and/or used, stored or kept in connection with Mortgagor's business, and any and all personal property, of like kind and character, hereafter acquired by Mortgagor and used or placed in or upon the above-described premises and elsewhere.

This chattel mortgage was duly recorded on May 27, 1963. To avoid foreclosure by the Small Business Administration, the debtor on April 5, 1965, executed another chattel mortgage identical in terms to the

above except as to the location, specifically describing the property which it had on hand and which had been acquired subsequent to the execution of the original chattel mortgage.

It is admitted that if the first chattel mortgage is not effective to constitute a lien on the after-acquired property, the Small Business Administration will not be able to enforce the last one, because insofar as it purports to give a new lien, it is an attempt to prefer a creditor and under the Bankruptcy Act is invalid. No new consideration was given for this second chattel mortgage except that the Small Business Administration agreed not to foreclose its first chattel mortgage.

■ The trustee in bankruptcy stands in the position of a creditor holding a lien by legal or equitable proceedings. It is not that of an innocent purchaser for value. See 11 U.S.C. § 110 (Bankruptcy Act § 70); 8A C.J.S. Bankruptcy #239 at page 229. See also the case of Dahl v. Prince, 119 Utah 556, 230 P.2d 328.

■ The validity of the lien of the trustee in bankruptcy depends upon state law, while the effect of the bankruptcy proceeding upon the lien depends upon the federal law. We then look to the laws of the State of Utah to ascertain what effect a chattel mortgage with a provision covering property to be later acquired will have upon such after-acquired property.

■ Generally, at common law nothing could be mortgaged unless it was in existence at the date of the mortgage and at that time actually belonged to the mortgagor or potentially belonged to him. 15 Am.Jur. 2d, Chattel Mortgages § 24. Property potentially belonging to the mortgagor would be those things which are the product, growth, or increase of property which at the time of the mortgage has an existence and in which the mortgagor had an existing interest. 15 Am.Jur.2d, Chattel Mortgages § 25.

■ The cases seem to hold that a mortgage on property to be acquired in futuro is valid and binding where the property is to be used in and about the mortgagor's business or is to be attached or appurtenant to and necessary for that business. 15 Am. Jur.2d, Chattel Mortgages § 25.

This court has never before had occasion to rule upon this question, and so the instant case is one of first impression here.

The general law as it exists at the present time is set forth in 4A Collier on Bankruptcy, 14th Edition, § 70, at pages 946–49 as follows:

Roughly speaking, the states group themselves into three major categories, which we shall set forth presently. But as a preliminary, it should be noted that in the majority of cases where a chattel mortgage on after-acquired property is recognized at all, it is given validity on

the basis of the equitable lien doctrine. That is, the mortgage containing an after-acquired property clause is deemed to create an equitable lien which attaches to the chattels designated as soon as they come into being or the mortgagor acquires title thereto. The variances arise when there is occasion to determine under what conditions such equitable lien will prevail over creditors subsequent to the execution of the mortgage, and consequently as to a trustee asserting the rights of such creditors. As noted by other contemporary authorities, however, the entire subject is in an extremely confusing condition.

One group of states takes the view that a properly recorded chattel mortgage containing an after-acquired property clause will prevail over all subsequent parties, including purchasers, general creditors and lien creditors. A second group holds that a duly recorded chattel mortgage with an after-acquired property clause will create an equitable lien that will prevail over simple creditors and purchasers with notice, but not against the legal lien of an attaching or execution creditor unless prior to such lien possession is taken by the mortgagee. A third group holds that even though the chattel mortgage is recorded, the equitable lien will be without efficacy until possession is taken by the mortgagee.

The early case of Bibend v. Liverpool and London Fire and Life Insurance Company, et al., 30 Cal. 78, 79, was decided prior to any statutes upon the matter. At page 87 it was said:

In Mitchell v. Winslow, Mr. Justice Story cites many authorities supporting this doctrine, and refers particularly to the opinion of Vice-Chancellor Wigram, in Langton v. Horton, 1 Hare, 549, as exceedingly cogent in its reasoning and satisfactory in its conclusions, and he then says: "It seems to me a clear result of all the authorities that wherever the parties, by their contract, intend to create a positive lien or charge, either upon real or personal property, whether then owned by the assignor or contractor, or not, or if personal property, whether it is then in esse or not, it attaches in equity as a lien or charge upon the particular property, as soon as the assignor or contractor acquires a title thereto, against the latter, and all persons asserting a claim thereto, under him, either voluntarily, or with notice, *or in bankruptcy*." (Emphasis added.)

In the case of Grand Forks Nat. Bank v. Minneapolis & N. Electric Co., 6 Dak. 357, 43 N.W. 806 (S.Ct. of Dakota, 1889), the court discussed the case of Seymour v. Canan-daigua & N. F. Railroad Co., 25 Barb. 284, 285, and, at page 809 of 43 N.W., the court said:

It was contended in that case, as in this, that the instrument called a "mortgage," as to after-acquired property, was, at most, but an agreement to mortgage; that it was not itself a mortgage, and could not, by its execution or record, create a lien upon the defendant's property not then in existence, as against other creditors; that such agreement must be carried into execution by the making and recording of a mortgage subsequent to the creation and ownership of the property sought to be subjected to its lien; but the court, referring to the cases which seem to support such a doctrine, says: "If the learned judge means by this that a sale assignment, or mortgage of property not in esse, or of contingent interests or expectancies, confers no title or interest in the thing in praesenti, that is self-evident; but if it is meant that the sale or assignment of such property, to be acquired in futuro, or of contingent interests or expectancies, rests in contract merely till some new assurance, and does not attach as a lien or charge as soon as the property is acquired, or has substantial existence, I cannot agree with him.' As soon as the property is acquired or comes into existence, the lien in or upon it attaches. They come into being together, and co-exist."

In the instant case the bankrupt was engaged in constructing guard rails, bridge railings, fences, and sign posting in connection with highway construction work. The language of the chattel mortgage makes it clear that the after-acquired property to be covered was property which would be used in connection with the debtor's business. As soon as the debtor acquired title to the subsequently-acquired property and intended it to be used in its business, that property became subject to the original mortgage.

There being no rights of innocent third parties involved herein, all of the after-acquired property would be subject to the mortgage except the motor vehicle.

A mortgage on a motor vehicle is required to be filed with the State Tax Commission, and unless it is filed within ten days of its date with the Tax Commission, rights of third parties may intervene and be superior to the rights of the mortgagee. Section 41–1–80, U.C.A.1953, insofar as material, reads as follows:

> No * * * chattel mortgage, * * * is valid as against the creditors of an owner acquiring a lien by levy or attachment * * * until the requirements of sections 41–1–81 to 41–1–87 have been complied with.

These sections provide that if a document creating the lien, to wit, the mortgage, is filed within ten days of the date of the instrument, it will be effective from date. However, in the instant case the mortgage was not filed with the Tax Commission until April 23, 1965, which was two days after

the debtor filed his petition in bankruptcy and not within the ten days following the date of the mortgage.

We hold that the interest created by the unrecorded chattel mortgage is inferior to that of an attaching creditor. The trustee in bankruptcy is, therefore, entitled to the funds received from the sale of the motor vehicle.

We further hold that the Small Business Administration is entitled to all other property involved in this lawsuit.

The case is remanded to the district court for proceedings in accordance with this opinion. No costs are awarded.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.