503 P.2d 1205

**STATE FARM MUTUAL INSURANCE COMPANY, Plaintiff and Appellant,**

v.

**Jack B. HOLT et al., Defendants and Respondents.**

No. 12697.

Supreme Court of Utah.

Nov. 27, 1972.

---

2.   Section 22-6-6, Colo.Rev. Statutes 1963.

Strong & Hanni, David K. Winder, Salt Lake City, for plaintiff-appellant.

Worsley, Snow & Christensen, Reed L. Martineau, Salt Lake City, David K. Udall, Mesa, Ariz., for defendants-respondents.

ELLETT, Justice:

The plaintiff appeals from a summary judgment in favor of defendants holding that its automobile insurance policy covered defendant Yazzie.

The facts of the case are not in dispute. Holt owned an automobile and had it insured with plaintiff. Yazzie worked for Holt and entered into an agreement with Holt whereby Yazzie was to purchase the automobile by having Holt withhold from his wages the agreed purchase price. Holt delivered possession of the car to Yazzie but retained the title papers thereto. Before the car was paid for, Yazzie was involved in a collision, and the question presented to us is whether or not plaintiff's policy affords protection to Yazzie.

The policy provides that anyone driving with permission of the named insured is covered. There is no doubt about Yazzie having Holt's permission to drive the car.

The plaintiff claims that Holt had sold the car to Yazzie and divested himself of all interest therein and, therefore, had no insurable interest in it at the time of the accident.

Chapter 1 of Title 41, U.C.A.1953, sets out the requirements for registering the ownership and title of an automobile and what must be done to transfer title thereto. Section 41–1–72 provides:

> Until the department shall have issued such new certificate of registration and certificate of ownership, delivery of any vehicle required to be registered shall be deemed not to have been made and title thereto shall be deemed not to have passed, and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose except as provided in section 41–1–77.

Section 41–1–77 simply provides that when a bona fide sale of a motor vehicle is made and the seller has signed and delivered to the buyer the certificate of title, he shall not thereafter be liable for damages occasioned by the purchaser's negligent operation of the vehicle. This section is not applicable to the case at hand for the reason that Holt neither signed nor delivered the certificate of title but at all times retained it. He did not comply with the statute, and so no title passed to Yazzie.[1]

---

1. There may be equitable grounds for holding that as between a vendor and purchaser title may pass before full compliance with the statute, but the instant matter is not one for the application of that rule. See Dahl v. Prince, 119 Utah 556, 230 P.2d 328 (1951).

Since Yazzie was driving the car with the permission of the insured owner, he is covered by plaintiff's policy, and the trial court was correct in so holding.

The judgment is affirmed. Costs are awarded to the respondent.

CALLISTER, C. J., and HENRIOD, TUCKETT, and CROCKETT, JJ., concur.