**STATE FARM MUTUAL INSURANCE COMPANY, Plaintiff and Appellant,**

v.

**Jack B. HOLT et al., Defendants and Respondents.**

**No. 13691.**

Supreme Court of Utah.

Jan. 30, 1975.

Ray H. Ivie of Ivie & Young, Provo, for plaintiff and appellant.

Reed L. Martineau and Michael R. Carlston of Worsley, Snow & Christensen, Salt Lake City, for defendants and respondents.

ELLETT, Justice:

This action was initiated by plaintiff seeking a declaratory judgment as to whether the policy of insurance issued to Holt covered Yazzie, who had contracted to buy the insured vehicle from Holt. The trial court held that it did, and this court affirmed.[1]

The present appeal stems from a ruling of the trial court, based only on a motion, awarding to certain of the defendants the total amount of the policy plus interest. Those defendants have agreed upon a division of the proceeds and *claim* that their combined damages far exceed the face of the policy. They further claim that Yazzie is liable for the total damages and has no defense whatsoever to any action against him.

The answer to this claim is that Yazzie has a right to be heard before a judgment can be found against him. Yazzie has never been served in this case, and no judgment has ever been rendered against him for damages to any party. The liability of plaintiff is to defend Yazzie and to pay any and all amounts which Yazzie may become obligated to pay as a result of his operation of the vehicle, to wit: not exceeding $10,000 for any one claimant and not to exceed $20,000 total. As of this time there has never been a determination of the amount which Yazzie owes or may owe to any person. Therefore, there is no legal obligation on the part of plaintiff to pay any money pursuant to the insurance policy to anybody.

In a memorandum decision the trial court stated that counsel for plaintiff had offered to pay the face amount of the poli-

1.  28 Utah 2d 426, 503 P.2d 1205 (1972).

cy into court.[2] The court then reasoned that since there was no dispute as to the amount of the policy, certain of the defendants should be entitled to a judgment for the amount of the policy plus interest. Judgment was entered accordingly, and the plaintiff appealed.

The offer to pay the face of the policy into court is merely an offer to compromise and settle the claims, and judgment cannot be had upon such a proposed settlement. Since there has been no legal determination that Yazzie was obligated to pay damages, the plaintiff herein is not legally obligated to respond, and if defendants want money from plaintiff, they must either accept the offer as made or sue Yazzie. If Yazzie left the jurisdiction before service could be had upon him, these defendants might look to the uninsured-motorist provision of their own policy.

In the case of Utah Farm Bureau Ins. Co. v. Chugg[3] the plaintiff sought a declaratory judgment as to whether its policy covered the driver of the insured automobile. One Larsen as plaintiff in a separate action against the driver was made a defendant therein. He made no objection thereto, but this court said:

> . . . [W]e want to repel any inference which may be drawn from this opinion that one who claims to be damaged by the negligent act of another, is a proper party to an action by the insurer of the latter under a public liability policy, whereby a declaratory judgment is sought declaring the legal effect of the terms of such policy.
>
> .    .    .    .    .    .
>
> The tort victim has no present legal interest in the insurance contract.
>
> .    .    .

The judgment is reversed, and costs are awarded to the respondent.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

---

2. The money was never paid into court.

3. 6 Utah 2d 399, 406, 315 P.2d 277 (1957).