(737 P.2d 52)

No. 59,449

BENEFICIAL FINANCE COMPANY OF KANSAS, INC., a/k/a Beneficial Kansas, Inc., *Plaintiff/Appellee*, v. LOUISE SCHROEDER, *et al.*, *Defendants*, and THE FARMERS AND MERCHANTS BANK, Hill City, Kansas, *Defendant/Appellee*, and HUTCHINSON NATIONAL BANK, *Defendant/Appellant*.

Opinion filed May 14, 1987.

*Richard A. Benjes*, of Hutchinson, for the appellant.

*Steve Johnson*, of McPherson, Bauer, Pike & Pike, Chtd., of Great Bend, for the appellee Beneficial Finance Company of Kansas, Inc.

*William B. Elliott*, of William B. Elliott, P.A., of Hill City, for the appellee The Farmers and Merchants Bank.

*William T. Nichols*, of Marshall, Davis, Bennett & Hendrix, of Topeka, for amicus curiae Kansas Manufactured Housing Institute.

Before BRISCOE, P.J., WILLIAM D. CLEMENT, District Judge, assigned, and WILLIAM M. COOK, District Judge, assigned.

BRISCOE, J.: This appeal involves a priority dispute among three parties claiming a security interest in a mobile home.

The parties do not dispute the following facts: Louise and James Schroeder purchased a mobile home in 1977. The purchase was financed by a retail sales contract which was assigned to appellant, Hutchinson National Bank (Hutch National). Hutch National noted its security interest on the mobile home's certificate of title. Shortly thereafter, the Schroeders transported the mobile home to their property in Grinnell, Kansas, placed it on a concrete block foundation, and removed the wheels and axles. In 1981, the Schroeders mortgaged the Grinnell real estate to Beneficial Finance Company (Beneficial). Beneficial noted its mortgage on the mobile home's certificate of title, and also filed a financing statement with the register of deeds. In 1984, Farmers and Merchants Bank of Hill City (Farmers and Merchants) took a

second mortgage on the Schroeders' Grinnell real estate. To perfect its security interest, Farmers and Merchants simply filed a financing statement with the register of deeds. In 1985, Beneficial foreclosed on the Schroeders' property and the issue of security interest priority in the mobile home arose. The trial court granted foreclosure of the mortgages and/or liens of Beneficial, Farmers and Merchants, and Hutch National, but reserved ruling on which parties' security interest in the mobile home had priority. After considering briefs filed by the parties, the court ruled in favor of Beneficial and Farmers and Merchants, concluding the mobile home had become a fixture on the real estate which was subsequently mortgaged to Beneficial and Farmers and Merchants. Hutch National appeals.

Pursuant to K.S.A. 1986 Supp. 84-9-302(3), a security interest in a vehicle may be perfected by noting its existence on the vehicle's certificate of title, or by mailing or delivering notice of the security interest to the Division of Motor Vehicles. K.S.A. 1986 Supp. 8-135(c)(5). Mailing or delivering notice of the security interest perfects the secured party's interest during the period from attachment to notation on the certificate of title. At the time of the Schroeders' purchase, a mobile home was defined as a vehicle under K.S.A. 8-126(v). Under the current statute, K.S.A. 1986 Supp. 8-126(v), the term "mobile home" is used synonymously with and means the same as "manufactured home." Hutch National followed the statutory provisions for perfecting its security interest in the mobile home by noting its security interest on the certificate of title pursuant to K.S.A. 1986 Supp. 8-135(c)(5). Beneficial and Farmers and Merchants successfully argued to the trial court that Hutch National was also required to make a fixture filing with the register of deeds in order to retain priority over subsequently perfected security interests in the real estate upon which the mobile home was located.

According to the trial court, the Schroeders' mobile home became a fixture pursuant to K.S.A. 84-9-313 when it was attached to the concrete block foundation. Under K.S.A. 84-9-313(1):

"(a) goods are 'fixtures' when affixing them to real estate so associates them with the real estate that, in the absence of any agreement or understanding with

his vendor as to the goods, a purchaser of the real estate with knowledge of interests of others of record, or in possession, would reasonably consider the goods to have been purchased as part of the real estate;

"(b) a 'fixture filing' is the filing in the office where a mortgage on the real estate would be filed or recorded of a financing statement covering goods which are or are to become fixtures and conforming to the requirements of subsection (5) of section 84-9-402."

This statute also provides that "[a] perfected security interest in fixtures has priority over the conflicting interest of an encumbrance or owner of the real estate where . . . the security interest is perfected by a fixture filing before the interest of the encumbrancer or owner is of record." K.S.A. 84-9-313(4)(b). Based on this statute, the trial court concluded Hutch National lost its priority by failing to make a fixture filing prior to the time either Beneficial or Farmers and Merchants recorded its security interest in the real estate with the register of deeds.

On appeal, Hutch National contends that no fixture filing was required because K.S.A. 1986 Supp. 84-9-302(3)(c) provides the exclusive methods for perfecting a security interest in a vehicle. We agree. K.S.A. 1986 Supp. 84-9-302(3)(c) provides:

"A security interest in:

. . .

"(c) a vehicle (except a vehicle held as inventory for sale) subject to a statute of this state which requires indication on a certificate of title or a duplicate thereof of such security interests in such vehicle:

"Can be perfected only by presentation, for the purpose of such registration or such filing or such indication, of the documents appropriate under any such statute to the public official appropriate under any such statute and tender of the required fee to or acceptance of the documents by such public official, or by the mailing or delivery by a dealer or secured party to the appropriate state agency of a notice of security interest as prescribed by K.S.A. 8-135 and amendments thereto. Such presentation and tender or acceptance, or mailing or delivery, shall have the same effect under this article as filing under this article, and such perfection shall have the same effect under this article as perfection by filing under this article."

K.S.A. 1986 Supp. 8-135(c)(5) states:

"Upon sale and delivery to the purchaser of every vehicle subject to a purchase money security interest as defined in K.S.A. 84-9-107 and amendments thereto, the dealer or secured party may complete a notice of security interest and when so completed, the purchaser shall execute the notice, in a form prescribed by the division, describing the vehicle and showing the name and address of the secured party and of the debtor and other information the division requires. The

dealer or secured party may, within 10 days of the sale and delivery, mail or deliver the notice of security interest, together with a fee of $1.50, to the division. The notice of security interest shall be retained by the division until it receives an application for a certificate of title to the vehicle and a certificate of title is issued. The certificate of title shall indicate any security interest in the vehicle. Upon issuance of the certificate of title, the division shall mail or deliver confirmation of the receipt of the notice of security interest, the date the certificate of title is issued and the security interest indicated, to the secured party at the address shown on the notice of security interest. The proper completion and timely mailing or delivery of a notice of security interest by a dealer or secured party shall perfect a security interest in the vehicle described on the date of such mailing or delivery."

The Kansas comment to K.S.A. 84-9-302 reads:

"Subsections (3)(b) and (3)(c) make it clear that security interests in motor vehicles can be perfected only by indication of the security interest on the certificate of title. These matters are governed by K.S.A. 8-135, which must be read in close relationship to this subsection. Of course if the vehicle is not required to be registered, as would be the case with most farm implements, filing under Article 9 would again come into play. *On the other hand, mobile homes are generally titled and perfection would be governed by K.S.A. 8-135 rather than Article 9, even though other aspects of the secured transaction would still fall within the scope of the UCC.*" Emphasis added.

Based on the language of K.S.A. 1986 Supp. 84-9-302(3)(c) and the Kansas comment, we believe the legislature intended 8-135(c)(5) to contain the exclusive methods for perfecting a security interest in a mobile home. As a practical matter, if mobile homes were subject to fixture filing requirements, a secured party with an interest in a mobile home could only maintain priority by making a new fixture filing every time the mobile home is moved. In today's mobile society, a secured party would be under an enormous burden to continuously monitor the whereabouts of the mobile home. By 8-135(c)(5) governing the exclusive methods of perfection, the secured party is perfected with only one filing no matter where the mobile home is located.

We find unconvincing the argument urged by Beneficial and Farmers and Merchants that subsequent parties with an interest in the real estate are often unable to ascertain whether the structure on the property is a mobile home. While it may not be readily apparent whether the structure is or is not a mobile home, these parties can protect their interests by more careful inspection, by questioning the home owner, or by checking for a

certificate of title. As a policy matter, it is more reasonable to require a party who subsequently obtains an interest in specific real estate to make inquiry concerning a structure located on the property than to require a party with a security interest in a mobile home to maintain constant vigilance regarding the whereabouts and alleged fixture status of the mobile home.

Under Kansas law, the exclusive methods for perfecting a security interest in a mobile home are contained in K.S.A. 1986 Supp. 84-9-302(3)(c), as more specifically described in K.S.A. 1986 Supp. 8-135(c)(5). Hutch National properly perfected its security interest in the mobile home, and its security interest has priority over Beneficial's. As regards the competing security interests of Hutch National and Beneficial in the mobile home, Farmers and Merchants' filing with the register of deeds is without effect.

The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.