Frank Moyle **CREER** and John Preston Creer, **Plaintiffs and Appellees,**

v.

**VALLEY BANK AND TRUST COMPA- NY, a Utah corporation, Valley Central Bank, a Utah corporation, Marcus Taylor, Receiver, Defendants and Appellants.**

No. 880179.

Supreme Court of Utah.

Dec. 9, 1988.

Rehearing Denied Feb. 16, 1989.

Gary E. Doctorman, Elizabeth S. Whitney, Salt Lake City, for defendants and appellants.

Keith B. Romney, Salt Lake City, for Frank Moyle Creer.

John Preston Creer, Salt Lake City, pro se.

PER CURIAM:

Valley Bank and Trust Company (the bank) appeals from a judgment in favor of plaintiffs declaring their claim of ownership in a cement mixer truck superior to the unperfected security interest of the bank in the same vehicle. We affirm.

The bank was the holder of a promissory note in the amount of $250,000 for which the obligor signed a security agreement giving collateral, including a security interest in the vehicle here at issue. The bank did not perfect its security interest by complying with the provisions of article 5 of the Motor Vehicle Act, which governs the filing of instruments evidencing liens or encumbrances upon registered vehicles.

Three years later, plaintiff John Preston Creer performed legal services for the obligor over a period of about nine months. Creer received the unencumbered certificate of title to the vehicle in lieu of legal fees and later transferred that title to his son, plaintiff Frank Creer. Plaintiffs had no notice of the security agreement between the obligor and the bank.

Plaintiffs sued to enforce their claim of ownership in the vehicle against the bank. The trial court concluded that the bank's failure to perfect its security interest in accordance with the provisions of sections 41–1–80 through –87 of the Motor Vehicle Act precluded it from asserting its priority in the vehicle over plaintiffs' ownership claim and held plaintiffs' claim superior to the bank's. The bank appeals and claims that it has an enforceable security interest in the vehicle which has priority over plaintiffs' claimed interest. According to the bank, the obligor signed a written security agreement, the bank gave value to the obligor, and the obligor had rights in the collateral. Those three requirements were sufficient under Utah Code Ann. § 70A–9–203 (1980) for its security interest to attach. The bank claims that the provisions of the Utah Motor Vehicle Act are absolutely irrelevant to a determination of the priority of competing claims to a vehicle and that the resolution of the priority of the claims is governed by section 70A–9–301 of the Utah Uniform Commercial Code. The bank believes that under that section, it is entitled to priority as a matter of law.

In reviewing the trial court's alleged erroneous conclusions of law, this Court accords those conclusions no particular deference, but reviews them for correctness. *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985).

Utah Code Ann. § 41–1–80 (1988) provides:

(1) Except under Subsection (2), no lien, upon a registered vehicle, except a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attachment or *subsequent purchasers* or encumbrancers without notice until Sections 41–1–82 through 41–1–87 have been complied with.

(Emphasis added.) Once an application for original registration of a vehicle has been made, accompanied by applicable fees, § 41–1–82, the Department of Motor Vehicle Registration issues a new certificate of title, together with a statement of any lien, if applicable, § 41–1–83, and the filing and issuance of the new certificate consti-

tute constructive notice of all liens against the vehicle, § 41–1–85. The method provided under this statute "of giving constructive notice of a lien or encumbrance upon the registered vehicle is *exclusive.*" § 41–1–87 (emphasis added).

Utah Code Ann. § 70A–9–302(3)(b) and (4) provides in pertinent part as follows:

The filing of a financing statement otherwise required by this chapter is *not* necessary or *effective* to perfect a security interest in property subject to

(a) ...;

(b) those statutes of this state which provide for the indication of security interests on certificates of title as a condition of the perfection of such security interests ...;

(c) ....

(4) Compliance with a statute or treaty described in subsection (3) is equivalent to the filing of a financing statement under this chapter, and a security interest in property subject to the statute or treaty can be perfected only by compliance therewith....

In *Draper Bank and Trust Co. v. Lawson,* 675 P.2d 1174, 1177 (Utah 1983), this Court stated in dictum:

The general rule governing liens on motor vehicles not in a dealer's inventory is that perfection of a lien is governed *exclusively* by the filing and title provisions of the Motor Vehicle Act, U.C.A., 1953, §§ 41–1–81 to 41–1–86. *See* §§ 41–1–80, 41–1–87, 70A–9–302(3)(b) and (4). Under these provisions the perfection of a lien on an automobile depends upon the appearance of the lien interest on the vehicle's certificate of title. *See* § 41–1–83.

(Emphasis added.) *See also McIntosh v. United States,* 21 Utah 2d 12, 439 P.2d 464 (1968); 3 U.L.A. § 9–302, 1972 official comments 8 and 9 (1981); 9 R.A. Anderson, *Uniform Commercial Code* § 9–302:49 (1985). Courts of other jurisdictions with similar vehicle title registration statutes and exemptions of those statutes from the provisions of Uniform Commercial Code article 9 are unanimous in holding that the provisions of the vehicle registration stat-

utes form the exclusive basis for enforcing security interests in vehicles. *Beneficial Fin. Co. of Kansas, Inc. v. Schroeder,* 12 Kan.App.2d 150, 737 P.2d 52 (1987); *Liberty Nat'l Bank & Trust Co. of Oklahoma City v. Garcia,* 686 P.2d 303 (Okla.Ct.App. 1984); *General Elec. Credit Corp. v. Nordmark,* 68 Or.App. 541, 684 P.2d 1 (1984); *First Nat'l Bank of Arizona v. Carbajal,* 132 Ariz. 263, 645 P.2d 778 (1982).

The bank's belief that its interest was prior to plaintiffs' because its security interest had first attached is premised on the wrong notion that plaintiffs claim a subsequent unperfected *security interest. See* Utah Code Ann. § 70A–9–312(5)(b). Instead, the facts before the trial court as well as on appeal are undisputed that plaintiffs claim *ownership* in the cement mixer truck free and clear of the bank's unperfected security interest. *"Priority* is established and protected by recording the lien on the title." *Kansas State Bank v. Overseas Motosport,* 222 Kan. 26, 563 P.2d 414 (1977). "No interest will be recognized which is not evidenced by a certificate ...: he who has the certificate has everything." *Security Nat'l Bank & Trust Co. of Norman v. Richardson,* 686 P.2d 293 (Okla.Ct. App.1984). *But cf. Basin Loans, Inc. v. Utah State Tax Comm'n,* 764 P.2d 239 (Utah Ct.App.1988) (where the plaintiff's properly recorded security interest on the title certificate constituted constructive notice to defendant).

Plaintiffs were subsequent purchasers without notice who obtained an unencumbered certificate of title to the vehicle here at issue. The bank had an enforceable security agreement against its obligor, but absent perfection by a lien registration on the certificate of title, the bank's claim is unenforceable against plaintiffs.

The judgment is affirmed.

STEWART, J., having disqualified himself, does not participate herein.