**BANK OF HAWAII, Plaintiff,**

**v.**

**GEORGE NERU, GENERAL REPAIRS, INC. and AMERICAN SAMOA GOVERNMENT, jointly and severally, Defendants.**

High Court of American Samoa
Trial Division

CA No. 65-96

May 21, 1997

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and ATIULAGI, Associate Justice.

Counsel: For Plaintiff, Jennifer L. Joneson
For George Neru and General Repairs, Inc., Pro Se
For Defendant American Samoa Government, Cheryl Crenwelge Sione, Assistant Attorney General

### ORDER DENYING MOTIONS FOR RECONSIDERATION OR NEW TRIAL

This matter involves the ownership of two buses. Following trial, the court held that plaintiff Bank of Hawaii ("BOH") has a valid and enforceable security interest in one of the buses ("bus #3"), and that defendant American Samoa Government ("ASG") owns the other bus ("bus #1) free

of BOH's claimed security interest. Each party now moves for reconsideration or new trial regarding the bus which it was not awarded. The court regularly heard the motions on May 8, 1997. Counsel for BOH and ASG were present.

## Discussion

### A. BOH's Motion

BOH argues that the court should not have awarded bus #1 to ASG. We awarded bus #1 to ASG based on the equitable doctrine of laches. Having considered the briefs and oral arguments, we conclude that BOH's motion for reconsideration or new trial is properly denied.

### B. ASG's Motion

ASG filed its motion on Monday, April 14, 1997, the eleventh day after the court's opinion and order was entered on April 3, 1997. BOH moves to dismiss ASG's motion on the ground that the 10-day requirement in A.S.C.A. § 43.0802(a) for filing a motion for a new trial is jurisdictional. However, the Appellate Division has recently resolved this issue by definitively holding that the relief afforded by T.C.R.C.P. Rule 6(a), extending the period for time computations to the next business day when the last day falls on a Saturday, Sunday, or legal holiday, applies to the filing period for motions for a new trial. *Pal Air International, Inc. v. Porter*, 1 A.S.R3d 1, 1-3 (App. Div. 1997). Thus, BOH's motion to dismiss ASG's motion must be denied.

ASG argues that defendants George Neru and General Repairs, Inc. did not have any interest in the buses at the time that the security agreements were signed, and therefore the security agreements are invalid. This argument is specious at best. Of course a security agreement can secure after acquired property. Every vehicle loan made by a bank has a security agreement on a vehicle that is not yet owned by the buyer. The passage cited by ASG for this assertion is dicta. The actual holding of the case is that a mortgage in after acquired property is valid. *See McIntosh v. U.S.*, 439 P.2d 464, 467 (Utah 1968).

ASG also argues that the incomplete description of bus #3 precludes the attachment of the security interest. We found that ASG had actual knowledge of the security interest, thus making the description requirements of A.S.C.A. § 27.1510 inapplicable. ASG argues that the flawed description goes to the essence of the document itself, rendering the mortgage invalid and making the actual knowledge exception in A.S.C.A. § 27.1510 inapplicable. We disagree.

70

█ Although it is true that a mortgage must truly describe the property, we believe that a description is sufficient if it furnishes a reasonable basis for identification, even though it is not specific enough to fully identify the property by itself. *See e.g.* B.E. Witkin, 3 Summary of California Law, *Secured Transactions in Personal Property* § 14 (1987). *Diocese of Samoa Pago Pago v. K.M.S.T. Inc.*, 18 A.S.R.2d 67 (Land & Titles Div. 1991), cited by ASG, is factually distinquishable. The security agreement in *Diocese*, unlike this case, did not describe any particular thing as collateral. *Id.*, at 69-71. *Diocese* also recognizes the effect of a third party's actual knowledge of the security agreement when the property is described with reasonable certainty. *Id.*, at 69; A.S.C.A. § 27.1510. Moreover, taking guidance from the Uniform Commercial Code, inclusion of an erroneous serial number has no effect on the validity of the security agreement when the property is otherwise adequately described. 68A Am Jur 2d, *Secured Transactions*, § 215. We believe the description of bus #3 was sufficient, and that any irregularities in that description did not render the mortgage invalid.

Thus, we conclude that ASG's motion for reconsideration or new trial should also be denied.

## Order

BOH's motion to dismiss ASG's motion for reconsideration or new trial is denied. BOH's and ASG's motions for reconsideration or new trial are also denied.

It is so Ordered.