William SLATES, d/b/a The Last Frontier, Appellant (Defendant below),

and

R. O. Galloway, Sheriff of Sheridan County, (Defendant below),

v.

COMMERCIAL CREDIT CORPORATION, a foreign corporation, Appellee (Plaintiff below).

No. 3470.

Supreme Court of Wyoming.

March 29, 1966.

Bruce P. Badley, Sheridan, for appellant.

Robert R. Wilson, of Lonabaugh & Lonabaugh, Sheridan, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

This matter is before us upon the appeal of the defendant below from a judgment of the district court rendered in favor of plaintiff in its replevin action wherein plaintiff sought possession of an automobile mortgaged to plaintiff.

It is undisputed that the vehicle in question was purchased at Cheyenne in Laramie County, Wyoming, on April 14, 1964, by a buyer who had resided in Cheyenne since February 5, 1964; that the buyer executed upon the automobile a purchase-payment mortgage to the seller; that the seller then assigned the mortgage to plaintiff below, the assignee filing the same for record in the office of the county clerk of Laramie County on April 16, 1964, and concurrently the Laramie County Clerk issued the purchaser a certificate of title endorsing thereon the security interest evidenced by the purchase-money mortgage; that the car was removed to Sheridan County about April 30, 1964, and the purchaser on that date made application for a "SPECIAL NON-TRANSFERABLE CERTIFICATE FOR NON-RESIDENT REGISTRATION PURPOSES ONLY," leaving blank the spaces therein provided for insertion of "Non-Resident Title No.," "State," "License Registration No.," "Year," and "State," but listing April 14, 1964, as the date the vehicle entered the State of Wyoming, and, at the bottom of the application at the end of a line on which the fee, the time, and the date appeared, there was no notation above the words "Delivered to" but after the words following, to-wit, "Title No." were the figures "#3941"; that a Wyoming 1964 vehicle registration was issued by the Sheridan County Clerk which bears notation under the caption, "Title No.," the letters and figures "NR3–3941"; that a further unsigned instrument appears in the record entitled "SPECIAL NON-TRANSFERABLE CERTIFICATE FOR NON-RESIDENT REGISTRATION

PURPOSES ONLY" which also left blank the same information not given upon the application; that the defendant is a judgment creditor of the purchaser of the automobile; that the purchaser is a resident of Sheridan County, Wyoming; and that defendant proceeded to levy in execution under its judgment upon the purchaser's automobile in Sheridan County relying upon the fact that there was no record in Sheridan County of any lien or security agreement encumbering the vehicle.

We must decide whether under the laws of this State the defendant, appellant here, was constructively noticed of plaintiff's mortgage interest.

Section 31–33, W.S.1957, as amended by § 1, ch. 2, S.L. of Wyoming, 1961, and § 31–36, W.S.1957, are as follows:

Section 31–33:

"Application for certificate of title shall be made upon a form approved and furnished by the state board of equalization and shall contain a full description of the motor vehicle, including the name of the maker, the engine and serial numbers or manufacturer's identification number and any distinguishing marks thereon and whether the vehicle is new or used, together with a statement of the applicant's title, and of any liens or encumbrances upon said vehicle, and the name and address of the person to whom the certificate of title shall be delivered, and such other information as the state board of equalization shall require. The current title or other supporting evidence of ownership shall accompany the application for title and said title or evidence of ownership shall be retained by the county clerk upon issuance of the new title. The fee for issuance of the certificate of title shall be one dollar ($1.00), which fee shall accompany the application. Whenever a new motor vehicle is purchased from a licensed Wyoming dealer, the application for a certificate of title shall be signed by said dealer and shall include a statement of transfer by the dealer and of any lien retained by such dealer together with manufacturer's statement or [statement of] origin. Only a licensed Wyoming dealer shall be eligible to sign the statement of transfer upon the application for a certificate of title upon a new vehicle."

Section 31–36:

"Upon receipt of an application, the state board of equalization or any county clerk shall, if satisfied that the applicant is the owner of the vehicle for which application for certificate of title is made, issue in the name of said owner a certificate of title bearing his signature and the seal of his office and a serial certificate number beginning with number one. Such certificate of title shall be completely filled out, giving a full description of the vehicle, as provided in section 22 [24] (60–204) of this act [§ 31–33] and shall show the date of issue and a statement of all encumbrances or liens on such vehicle. The certificate of title shall also contain upon the reverse side forms for assignment of title or interest and warranty thereof by the owner, with space for notation of liens and encumbrances at the time of transfer. Said certificate of title shall be good for the life of the vehicle, so long as the same is owned or held by the original owner of said certificate."

The purchaser of the vehicle made application for and received a certificate of title from the county clerk of Laramie County where the vehicle was located on the date of purchase and where it remained for approximately two weeks thereafter.

Section 9–302(4), ch. 219, S.L. of Wyoming, 1961, as amended by § 2(4) (a) and (b), ch. 185, S.L. of Wyoming, 1963 [§ 34–9–302(4), W.S.1957, 1965 Cum.Supp.], is as follows:

"(4) Two steps are required for perfection of a security interest in a motor vehicle required to be licensed.

"(a) A financing statement or security agreement must be filed in the office of the county clerk of the county in which said vehicle is located: and "(b) A nota-

tion of the security interest must be endorsed on the certificate of title to such motor vehicle, such endorsement to be made concurrently with the filing of the financing statement or security agreement."

The purchase-money mortgage was filed in Laramie County concurrently with the application for and the issuance of the certificate of title and was properly noted upon the certificate when it was issued.

Section 9–401(3), ch. 219, S.L. of Wyoming, 1961 [§ 34–9–401(3), W.S.1957, 1965 Cum.Supp.], is as follows

"(3) A filing which is made in the proper county continues effective for four months after a change to another county of the debtor's residence or place of business or the location of the collateral, whichever controlled the original filing. It becomes ineffective thereafter unless a copy of the financing statement signed by the secured party is filed in the new county within said period. The security interest may also be perfected in the new county after the expiration of the four-month period; in such case perfection dates from the time of perfection in the new county. A change in the use of the collateral does not impair the effectiveness of the original filing."

The lien of plaintiff, evidenced by filing of the purchase-money mortgage in Laramie County concurrently with the issuance of the certificate of title and its endorsement thereon, remained a perfected security for a period of four months after the vehicle was removed from Laramie County to Sheridan County, and it was less than four months after the vehicle was removed from Laramie County and taken to Sheridan County that the judgment creditor levied in execution upon it.

But appellant insists his investigation disclosed that Sheridan County had issued a non-transferable *title* for the vehicle which did not show any lien noted, and there does appear in the record on appeal three instruments purporting to show the purchaser had obtained a non-resident certificate for registration only. The fallacy of this position is fivefold: first, because the purchaser was admittedly a resident of this State and could not lawfully have obtained the non-transferable certificate for *registration purposes only,* which is authorized by the portion of § 1, ch. 8, S.L. of Wyoming, 1961, amending § 31–32, W.S.1957 [§ 31–32, W.S. 1957, 1965 Cum.Supp.], wherein it is said:

" * * * that any non-resident owner of a vehicle registered in another state and desirous of retaining such registration shall not be required to obtain such certificate [of title], but the said department or any county clerk, shall, upon proper showing of the foreign registration, issue to said *non-resident* a special non-transferable certificate *for registration purposes only in the form prescribed by the board * * *.*"; (Emphasis supplied.)

second, because the purported certificate for registration only was not properly applied for, in that the purported application did not contain the information required by the form upon which the supposed application was made; third, because the purported certificate itself also was minus the same required information and was not signed by either the county clerk of Sheridan County or his deputy; fourth, because the registration slip given the applicant was not signed by the applicant, and, while bearing the letters and figures "NR3–3941" in the space provided for listing the title number, failed to identify the state which issued the same; and, fifth, because neither of these instruments is a certificate of *title* for the vehicle in question. These omissions of themselves should have alerted appellant.

It may be that had the vehicle been properly registered and a proper certificate of registration given, with proper entry of the county number which issued the certificate of title for the vehicle noted thereon, together with the number of the certificate of title, that information would have warned defendant to examine the records of the county and state from which the cer-

tificate of title issued and thereby to have learned of plaintiff's security interest. But the erroneous action of the county clerk of Sheridan County could no more deprive the holder of the security interest of its lien than could the statement of the purchaser in the mortgage instrument, that the vehicle would be kept in Sheridan County, Wyoming, relieve the mortgagee of the need to file its mortgage in the county where the vehicle was located at the time of purchase in order to perfect its security interest. The location of the vehicle at the date of purchase was capable of positive ascertainment. Its future location could only be a matter of speculation. Although the purchaser represented the vehicle was to be kept in Sheridan County, it might never have been taken there. At the date of its purchase and for some time thereafter the vehicle was located in and remained in Laramie County, Wyoming.

Plaintiff having perfected its security interest by properly filing its mortgage in Laramie County, Wyoming, its lien upon the vehicle was complete and perfected. Although thereafter the vehicle was in fact taken to Sheridan County, by virtue of § 9–401(3), ch. 219, S.L. of Wyoming, 1961 [§ 34–9–401(3), W.S.1957, 1965 Cum.Supp.], that security interest remained perfected and protected plaintiff's lien for the period of four months following a change in its location.

As the vehicle was removed to Sheridan County on or about April 30, 1964, plaintiff's lien thereon extended from that date until August 30, 1964. The levy in attachment upon execution under defendant's judgment was made on June 20, 1964, which was only one month and twenty days after the vehicle was taken to Sheridan County, Wyoming. This was well· within the time during which plaintiff's lien remained perfected.

The contention of appellant that the erroneous "SPECIAL NON-TRANSFERABLE CERTIFICATE FOR NON-RESIDENT REGISTRATIÒN PURPOSES ONLY" was a "title" and such a "certifi-

cate of title" contemplated and required by the laws of this State is entirely without merit.

It might be well for the legislature to consider the advisability of amending § 31–35, W.S.1957, so as to make the State Board of Equalization a central office of record for the filing of certificates of title of motor vehicles and security interests thereon, or certified copies thereof.

The judgment of the trial court is affirmed.

Affirmed.

Mr. Justice GRAY (concurring).

While I am in full agreement with the holding that the judgment herein must be affirmed and with most of the pronouncements made in the opinion, I am not prepared at this time to hold that the provisions of § 9–401(3), ch. 219, S.L. of Wyoming, 1961 (§ 34–9–401(3), W.S.1957, 1965 Cum.Supp.), require the holder of a perfected security interest in a motor vehicle in one county of this state at his peril to follow the location of the motor vehicle from county to county within the state with his security instrument. The point has not been briefed or argued by either of the parties. In addition, it is my view that under the stipulated facts upon which the case was tried below it is unnecessary to decide the point. Among other things, it was stipulated at the time of trial that the security agreement herein which had been perfected in Laramie County was filed for record in Sheridan County on July 6, 1964, well within the general provisions of § 9–401 (3). Thus, even assuming that said section was applicable, the defendant could still not succeed for the reason that plaintiff had in this particular instance complied with the requirements of that provision.

My concern with the pronouncements of the opinion on this point is brought about by the amendment made to the provisions of § 9–302(4), ch. 219, S.L. of Wyoming, 1961, by § 2, ch. 185, S.L. of Wyoming, 1963 (§ 34–9–302(4), W.S.1957, 1965 Cum.Supp.). The opinion quotes the provisions of the

amendment that relate to the perfecting of a security interest in a motor vehicle, but in addition thereto I should like to quote a further provision that to me is of significance. In the last sentence of the paragraph immediately following the provisions quoted it is stated:

"* * * Every financing statement or security agreement when filed pursuant to the provisions of the herein section 9–302(4) shall take effect and be in force from and after the time of filing and not before, as to all creditors, subsequent purchasers, and holders of security interest in good faith for valuable consideration and without notice."

When it is considered that this is a special provision relating to the protection of a security interest in a motor vehicle, which is understandable because of the mobile nature of the security and which appears to prescribe the requisites of perfecting and retaining a security interest, I question that we are warranted in inserting into this special legislation and adding thereto the general provisions of § 9–401(3). So to hold, it seems to me, creates a precarious situation in the financing of motor vehicles. Because of this I wholeheartedly agree with the suggestion made that further consideration might well be given to the matter by the legislature.

Mr. Justice McINTYRE (concurring).

We are in agreement, as I understand, that plaintiff's purchase-money mortgage remained a perfected security for at least four months after the mortgaged vehicle was removed from Laramie County to Sheridan County; that the judgment creditor's levy was made during such four months; and that a copy of the security agreement which had been perfected in Laramie County was filed in Sheridan County after defendant's levy but still within the period of four months after removal of the vehicle.

This renders it unnecessary for us to pass upon the question as to whether plaintiff would have lost its lien after four months from the removal date, if it had not filed a copy of the financing statement in Sheridan County. Therefore, I prefer to reserve for future determination the question as to whether such lien would or would not have been lost, absent a timely filing in Sheridan County.