1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 GREEN TREE ACCEPTANCE, INC., Plaintiff-Appellant,
v.
WYOMING NATIONAL BANK, and James T. Dinneen, Trustee in
Bankruptcy, Defendants-Appellees.
 No. 91-8040.
 United States Court of Appeals, Tenth Circuit.
 Aug. 2, 1993.
 
 1
 Before EBEL and MCWILLIAMS, Circuit Judges, and HUNTER, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 ELMO B. HUNTER, Senior District Judge.
 
 
 4
 This case comes to the Court on appeal from a decision of the United States District Court for the District of Wyoming,[1] affirming the United States Bankruptcy Court for the District of Wyoming.[2] The district court decided that, on the date that protection under Chapter 7 of the Bankruptcy Code was invoked, the financing statement previously filed by Appellant Green Tree Acceptance, Inc., (Green Tree) to secure its interest in a mobile home trailer, had lapsed as a matter of law. Since Green Tree failed to file a continuation statement, the district court further concluded that its security interest was unperfected and inferior to the lien of the bankruptcy trustee.
 
 
 5
 Subsumed in the district court's decision is the principle that, under Wyoming law, lien notation on the title of a mobile home, in conformity with the Wyoming's Motor Vehicles Statutes, is inadequate to perfect a security interest and has no effect on the duration of a perfected security interest. Rather, it would require the filing of a financing statement to perfect the security interest. Further, such perfection, once attained, will lapse and become unperfected, unless a continuation statement is filed within five years, as provided for by Wyo.Stat. Sec. 34.1-9-403(b).
 
 
 6
 This case requires us to decide what actions a secured creditor must take, under Wyoming law, to perfect a security interest in a mobile home and to maintain such perfection for a period of time after five years. Appellant asserts that it is enough for the secured creditor to file either a security agreement or financing statement with the appropriate county clerk and have the relevant security interest officially noted on the certificate of title. Such security interest would remain perfected so long as the mobile home in question was owned or possessed by the person to whom the certificate of title was issued. No further action would be required.
 
 
 7
 Conversely, appellees argue that to perfect a security interest in a mobile home a financing statement must be filed. In line with procedures for the perfection of security interests in other forms of personal property governed by Wyoming's version of Article 9 of the Uniform Commercial Code, appellees further urge that a continuation statement must be filed if a security interest is to remain perfected after five years.
 
 
 8
 This is a matter of Wyoming state law which the State's highest court has not squarely addressed. As such, it is our job to decide this case as we believe the state's high court would. See generally Commissioner of Internal Revenue Service v. Bosch's Estate, 387 U.S. 456, 465 (1967); see also ERWIN CHEMERINSKY, FEDERAL JURISDICTION Sec. 5.3 at 274.
 
 I. BACKGROUND
 
 9
 On June 6, 1983, Lesley Roy Curtis (Debtor) purchased a 1983, twenty-eight foot by sixty-four foot Champion Mobile Home Trailer (mobile home) for $34,320.00. It was financed by means of a retail installment contract from Mobile World, Inc. (Mobile World). On June 21, 1983, Appellant Green Tree purchased the retail installment contract from Mobile World, taking by assignment all of Mobile World's rights under the contract.
 
 
 10
 On July 1, 1983, Green Tree presented to the County Clerk a financing statement which stated that Green Tree held a security interest in the mobile home. The County Clerk filed the financing statement and, on July 5, 1983, issued a certificate of title for the mobile home. The certificate of title, issued pursuant to the above-referenced filing, listed the Debtor and his wife as owners of the mobile home and further noted that Green Tree was the first lienholder.
 
 
 11
 On January 24, 1990, the Debtor filed a petition seeking relief under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Western District of Wyoming. On July 9, 1990, Green Tree sought to modify the bankruptcy court's automatic stay in order to repossess the mobile home. Wyoming National Bank, a listed creditor with a lien on the land on which the mobile home was located, opposed modification of the stay on grounds that Green Tree had failed to file a continuation statement. As such, the bank argued that the original financing statement had lapsed, leaving Green Tree with an unperfected security interest.
 
 
 12
 The bankruptcy court, apparently relying on Wyo.Stat. Sec. 34.1-9-403(b), held that, since Green Tree had failed to file a continuation statement, its original financing statement had lapsed on the date that the Debtor filed for bankruptcy, leaving it with an unperfected security interest, which was subordinate to the lien held by the Bankruptcy Trustee. On appeal, the district court affirmed the decision of the bankruptcy court.
 
 
 13
 Significantly, neither the bankruptcy court nor the district court discussed the impact, if any, of Green Tree being noted on the title as a first lienholder. Similarly, there was no mention or discussion of any possible effect of Wyoming's Motor Vehicles Statutes (Title 31 Wyoming Statutes).[3]
 
 II. STATUTORY BACKGROUND
 
 14
 In 1961, Wyoming enacted its version of the Uniform Commercial Code. Article 9 of this Code and its Wyoming analogue govern secured transactions in personal property. In 1972, amendments were proposed to fine tune and revise Article 9 of the uniform law, in light of certain problems experienced in its application. See Jack Van Baalen, Wyoming Adopts the "1972 Amendments" to the Uniform Commercial Code Article 9--The Revisions and Some Continuing Problems, XIX LAND & WATER L.REV. 581, 582 (1984). Wyoming adopted the proposed amendments, largely unchanged, in 1983. Id. at 582 n. 3.; Wyo.Stat. Secs. 34-21-901 to 34-21-966 (1977 & Supp.1983).
 
 
 15
 Article 9 of the Uniform Commercial Code, and its Wyoming analogue, subject the perfection of security interests in many items of personal property to perfection by filing. See U.C.C. Secs. 9-401 & 9-403; Wyo.Stat. 34.1-9-401 & 34.1-9-403; see also discussion in 2 JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE Secs. 24-13 to 24-19 (3d ed. 1988). In this context, filing is understood to mean the presentation of a bona fide financing statement, along with the proper filing fee, to the appropriate filing officer at the proper place. Id.[4] A security interest perfected by this type of filing remains effective for a period of five years from the date of filing. U.C.C. Sec. 9-403(b); Wyo.Stat. Sec. 34.1-9-403(b). Upon the expiration of the five years, the security interest lapses unless a continuation statement is filed prior to the lapse. Id.
 
 
 16
 Perfection of security interests in motor vehicles[5] presents distinctive problems. These problems relate primarily to the fact that many types of motor vehicles can readily be moved from one location to another, making it particularly difficult for a buyer or second secured party to know where to search for a filed financing statement. To counteract these types of problems, states routinely require the issuance of a certificate of title as evidence of ownership of certain motor vehicles.[6] Indeed, "[t]oday, all states [including Wyoming] require the issuance of a 'certificate of title' for certain motor vehicles the instant they cease to be inventory held for sale." 2 JAMES J. WHITE & ROBERT S. SUMMERS, supra, Sec. 24-22 at 398. Such certificate of title carries a notation of any security interest in the motor vehicle. Theoretically, the certificate of title sets out all ownership and security interests, thus serving as a "kind of omnibus financing statement." Id.
 
 
 17
 As noted above, Wyoming has adopted its own certificate of title statute. See Title 31 (Motor Vehicles) Wyoming Statutes. Article 5 of Title 31 includes mobile homes in its coverage. Wyo.Stat. Secs. 31-2-501 to Sec. 31-2-508.
 
 
 18
 Due to the pervasiveness of certificate of title statutes, the Uniform Code and the Uniform Amendments contain alternative perfection provisions for motor vehicles. These alternative provisions provide for compliance with the certificate of title statutes for the perfection of security interest in motor vehicles. Nevertheless, when Wyoming originally enacted the Code, it did not enact uniform provisions for alternative perfection of motor vehicles. Compare Wyo.Stat. Sec. 34-931(d)--(g) (1977) and the correlative U.C.C. provisions; see also J. Van Baalen, supra at 605. The Wyoming legislature, instead, enacted its own provisions for the perfection and termination of security interests in vehicles and motor vehicles. Wyo.Stat. Sec. 34-21-931(d)--(g) (1977); see also J. Van Baalen, supra at 605 nn. 148-51 and accompanying text. Subsequently, however, the Wyoming legislature adopted the proposed uniform amendments. These amendments included language providing for uniform alternative perfection provisions for motor vehicles, such as those the Wyoming legislature had previously decided not to enact. See Wyo.Stat. Sec. 34.1-9-302 (1991); see also J. Van Baalen, supra at 605.
 
 
 19
 The Wyoming law which this Court must apply includes these enacted amendments. We must presume the Wyoming legislature, in enacting these amendments, intended some change to the existing law. State ex rel. Albany County Weed and Pest Dist. v. Board of County Comm'rs, 592 P.2d 1154 (Wyo.1979); Brown v. State, 590 P.2d 1312 (Wyo.1979). Accordingly, we must endeavor to give effect to the language contained in these amendments. Id. It is axiomatic that such amendments contemplate change in the law, otherwise we would have to assume the legislature intended a futile act. See Wetering v. Eisele, 682 F.2d 1055 (Wyo.1984); Stauffer Chemical Company v. Curry, 778 P.2d 1083 (Wyo.1989).
 
 
 20
 Wyoming's Uniform Commercial Code provides, in pertinent part, that:
 
 
 21
 (c) The filing of a financing statement otherwise required by this article is not necessary or effective to perfect a security interest in property subject to:
 
 
 22
 (i) A statute or treaty of the United States which provides for a national or international registration or a national or international certificate of title or which specifies a place of filing different from that specified in this article ...;
 
 
 23
 (ii) The following statutes of this state, ... W.S. 31-2-501 through 31-2-508 [referring to Article 5 of the Motor Vehicles Statutes, which covers mobile homes]....
 
 
 24
 Wyo.Stat. Sec. 34.1-9-302(c) (emphasis added). Wyoming's Code provisions further provide that:
 
 
 25
 (d) Compliance with a statute or treaty described in subsection (c) [above] is equivalent to the filing of a financing statement under this article, and a security interest in the property subject to the statute or treaty can be perfected only by compliance therewith .... Duration and renewal of perfection of a security interest perfected by compliance with the statute or treaty are governed by the provisions of the statute or treaty; in other respects the security interest is subject to this article.
 
 
 26
 Wyo.Stat. Sec. 34.1-9-302(d) (emphasis added). The Code goes on to state that:
 
 
 27
 (e) Two (2) steps are required for perfection of a security interest in a vehicle or motor vehicle required to be licensed as hereinafter defined:
 
 
 28
 (i) A financing statement or security agreement must be filed in the office of the county clerk of the county in which the vehicle is located; and
 
 
 29
 (ii) A notation of the security interest must be endorsed on the certificate of title to the vehicle or motor vehicle, the endorsement to be made concurrently with the filing of the financing statement or security agreement.
 
 
 30
 Wyo.Stat. Sec. 34.1-9-302(e) (emphasis added).
 
 
 31
 Reference to the relevant provisions of Wyoming's Motor Vehicles Statutes, as provided for in Wyo.Stat. Sec. 34.1-9-302(c)--(d), discloses that certificates of title are required for mobile homes, Wyo.Stat. Secs. 31-501 to 31-508, and that each certificate of title must bear a distinct serial number and be completely filled out, including notation of all encumbrances and liens, Wyo.Stat. Sec. 31-2-503. The statute also provides that "[c]ertificates of title are valid for so long as the mobile home is owned or held by the person in whose name the title was issued." Wyo.Stat. Sec. 31-2-503.
 
 
 32
 Without exposition, the courts below impliedly held that the perfection and duration of security interests in mobile homes was governed exclusively by Wyoming's Article 9 filing provisions.[7] Significantly, neither the bankruptcy court nor the district court considered the interplay between Wyoming's Motor Vehicles Statutes and its version of the commercial code.
 
 III.
 
 33
 Appellees argue that for a security interest in a mobile home to remain perfected, the secured party would have to initially file a financing statement[8] and note any lien on the certificate of title. According to appellees, for a security interest to remain perfected beyond five years, the secured party is required to file a continuation statement prior to the lapse of the filed financing statement.[9] Appellees argue that these filings are governed by and carried out according to Wyoming's Article 9 filing provisions.
 
 A.
 
 34
 To reach the result urged by appellees, however, the Court would have to ignore the wording of certain statutory provisions, treating them as mere surplusage. For example, one such provision provides that the "filing of a financing statement otherwise required by this article is not necessary or effective to perfect a security interest in property subject to ... W.S. 31-2-501 through 31-2-508 [referring to Article 5 of the Motor Vehicles Statutes, which covers mobile homes]...." Wyo.Stat. Sec. 34.1-9-302(c) (emphasis added). Wyoming's Code provisions further provide that compliance with the above-described statute "is equivalent to the filing of a financing statement under this article, and a security interest in the property subject to the statute or treaty can be perfected only by compliance therewith ...." Wyo.Stat. Sec. 34.1-9-302(d) (emphasis added). Finally, the statute provides that the "[d]uration and renewal of perfection of a security interest perfected by compliance with the statute or treaty are governed by the provisions of the statute or treaty " rather than Wyoming's Article 9 filing provisions. Id. (emphasis added).
 
 
 35
 This Court cannot easily ignore such statutory language or provisions. On the contrary, absent the clearest of legislative commands, a court should not construe a statute in a way that renders some of its provisions surplusage. New York v. Shore Realty Co., 759 F.2d 1032 (2d Cir.1985). Statutes should be construed to avoid making any word superfluous. United States v. Handy, 761 F.2d 1279 (9th Cir.1985). As previously stated by this Court, "[w]e will not construe a statute in a way that renders words or phrases meaningless, redundant, or superfluous. Bridger Coal Company/Pacific Minerals, Inc. v. Director, O.C.W.P., 927 F.2d 1150, 1153 (10th Cir.1991); see also Thomson v. Wyoming In-Stream Flow Comm., 651 P.2d 778 (Wyo.1982) (every word, clause and sentence must be given meaning and statutes must be construed so that no part is inoperative or superfluous).
 
 B.
 
 36
 Appellees' argument is flawed in at least one other respect. They argue that perfection of a security interest requires both filing and lien notation on the certificate of title. Since filing is required, the argument goes, perfection of a security interest will lapse after five years unless a continuation statement is filed. Such logic requires a leap that close scrutiny of the statute does not allow.
 
 
 37
 To read the statute in this manner necessarily requires an understanding that the filing requirement for mobile homes may be satisfied only by the filing of a financing statement as set forth in Wyoming's Article 9 filing provisions. See generally Wyo.Stat. Secs. 34.1-9-401, 34.1-9-403.
 
 
 38
 Section 34.1-9-403(c) provides that "a continuation statement may be filed ... within six (6) months prior to the expiration of the five (5) year period specified in subsection (b) of this section. Wyo.Stat. 34.1-903(c) (emphasis added). The five year period specified in subsection (b) refers to the effective life of a filed financing statement. Wyo.Stat. 34.1-903(b) (provides that "a filed financing statement is effective for a period of five (5) years from the date of filing") (emphasis added). The effectiveness of such a filed financing statement lapses after five years unless a continuation statement is filed prior to the lapse. Id. Accordingly, the required filing of a financing statement per Wyo.Stat. Secs. 34.1-9-302 and 34.1-401 is a condition precedent to the filing of (or need to file) a continuation statement.
 
 
 39
 Such a reading ignores the plain language of certain statutory provisions. Section 34.1-9-302(e) provides that two steps are required for perfecting a security interest in a mobile home: the secured party must (1) file either "a financing statement or security agreement" in the office of the county clerk where the mobile home is located; and (2) a notation of the security interest must be made on the certificate of title. Wyo.Stat. 34.1-9-302(e). Plainly, the "filing" required under this provision cannot be understood to require Article 9 filing of a financing statement. On the contrary, a secured party has the option to file either a financing statement or a security agreement. No limitation is placed on the secured party's choice of which instrument to file. As such, the appellant in this case could have just as easily filed a security agreement as a financing statement. Since the filing of a continuation statement is only effective to revive a previously filed financing statement, under appellees' construction, the Court would have to conclude that, had the appellant chosen to file a security agreement, instead of a financing statement, after five years no additional filing would be provided for or possible. Such result would force the further conclusion that either a filed security agreement remains effective beyond five years with no further action required (while a filed financing statement does not) or that it lapses without a mechanism to continue its effectiveness.[10]
 
 
 40
 Most assuredly, this construction would produce an illogical, unfair and perhaps absurd result. It is well settled that courts should avoid interpreting statutory language in a manner that would lead to unjust, impractical or absurd consequences, and it generally presumed that a legislative body intends a construction of its language which avoids such results. See generally United States v. Mendoza, 565 F.2d 1285 (5th Cir.1978); see also Stauffer Chemical Co. v. Curry, 778 P.2d 1083 (Wyo.1989) (when apparent an absurd result is to be avoided in statutory construction); Halliburton Co. v. McAdams, Roux and Assocs., 773 P.2d 153 (Wyo.1989) (court presumes reasonable and just intent in construing statutes).
 
 
 41
 In light of our above analysis, the interpretation urged by appellees must fail.
 
 IV.
 
 42
 Having rejected appellees' interpretation and, by implication, the presumed interpretation of the district and bankruptcy courts, we must now prescribe reasonable meaning to the provisions in question. In doing so, we begin with a few basic maxims of statutory construction. In interpreting the language of a statute, the court looks to provisions of the whole law and to its object and policy. Aulston v. United States, 915 F.2d 584 (10th Cir.1990), cert. denied, 111 S.Ct. 2011 (1991). Further, courts should attempt to give some reasonable meaning to all of the words included in legislative enactment. American Stores Co. v. American Stores Co. Retirement Plan, 928 F.2d 986 (10th Cir.1991); see also Thomson v. Wyoming In-Stream Flow Comm., 651 P.2d 778 (Wyo.1982). Finally, if a statute is susceptible to two meanings, the court will choose the meaning that gives full effect to all provisions of a statute. Negonsott v. Samuels, 933 F.2d 818 (10th Cir.1991), aff'd, 113 S.Ct. 1119 (1993); see also DeHerrera v. Herrera, 565 P.2d 479 (Wyo.1977) (court should not ascribe meaning to a statute which would have one provision nullify or destroy another).
 
 A. Plain Language
 
 43
 We start with the statutory proposition that the filing of a financing statement as provided for in Wyoming's version of Article 9 "is not necessary or effective to perfect a security interest in property subject to ... [Wyoming's Motor Vehicles Statutes, which cover mobile homes (Wyo.Stat. Secs. 31-2-501 to 508) ]." Wyo.Stat. Sec. 34.1-9-302(c). Instead, "[c]ompliance with [the Motor Vehicles Statutes (Wyo.Stat. Secs. 31-2-501 to 508) ] is equivalent to the filing of a financing statement under [Wyoming's Article 9 filing provisions], and a security interest in property subject to [Wyoming's Motor Vehicles Statutes] can be perfected only by compliance therewith...." Wyo.Stat. Sec. 34.1-9-302 (emphasis added). It is further provided that "[d]uration and renewal of perfection of a security interest perfected by compliance with the [Motor Vehicles Statutes] are governed by the provisions of the [Motor Vehicle Title] Statute." Id. (emphasis added).
 
 
 44
 Reference to the provisions of the Motor Vehicles Statutes that cover mobile homes admits that, unless one of the statutory exceptions applies, "every owner of a mobile home located in the state for which no Wyoming certificate of title has been issued to the owner ... shall apply for a certificate of title at the office of the county clerk...." Wyo.Stat. Sec. 31-2-501(b). It is further provided that "[c]ertificates of title shall contain ... space for notation of liens and encumbrances...." Wyo.Stat. Sec. 31-2-501(d). With regard to duration, such "[c]ertificates of title, are valid for the mobile home so long as the mobile home is owned or held by the person in whose name it is issued." Wyo.Stat. Sec. 31-2-504(d).
 
 
 45
 Appellees' argument, and the result reached by the district court, depends upon us finding a statutory requirement for Article 9 filing of a financing statement and/or a continuation statement for perfection of a security interest in a mobile home. Wyoming law provides that two steps are required to perfect a security interest in a mobile home: (1) a financing statement or security agreement must be filed in the office of the county clerk where the mobile home is located; and (2) the security interest must be noted on the certificate of title. Wyo.Stat. Sec. 34.1-9-302(e). Appellees argue that the filing provided for in Wyo.Stat. Sec. 34.1-9-302(e)(i), along with Sec. 34.1-9-302(e)(ii)'s requirement of title notation means that both Article 9 filing and notation on the certificate of title is needed to attain perfection. According to appellees, since this Article 9 filing is required, filing of a continuation statement is also required to continue perfection beyond five years.
 
 
 46
 Appellees read too much into this singular reference to the filing of a financing statement or security agreement. We do not read this first step as requiring Article 9 filing of a financing statement for mobile homes. On the contrary, we believe this passage merely sets out the steps to be followed when applying for a certificate of title under circumstances in which a secured party wishes to perfect his or her security interest in a mobile home; that is, presenting a financing statement or security agreement to the appropriate county clerk is the method by which liens or encumbrances may be officially noted on the certificate of title, thereby perfecting a security interest in a mobile home. See generally United States v. Gordon, 961 F.2d 426 (3d Cir.1992) (court should attempt to reconcile two seemingly conflicting statutory provisions whenever possible, instead of allowing one provision effectively to nullify other provision); Negonsott v. Samuels, 933 F.2d 818, supra, (if statute is susceptible to two meanings, court will choose meaning that gives full effect to all provisions of statute); American Stores Co. v. American Stores Co. Retirement Plan, 928 F.2d 986 (10th Cir.1991) (courts should attempt to give some reasonable meaning to all of the words included in legislative enactment); see also Mountain States Telephone & Telegraph Co. v. Pueblo of Santa Ana, 472 U.S. 237 (1985) (elementary canon of statutory construction is that statute should be interpreted so as not to render one part inoperative).
 
 
 47
 Reading all the relevant provisions together leads us to the conclusion that the Wyoming legislature intended that perfection of a security interest in a mobile home may be attained only by taking the steps outlined above to secure notation of the security interest on the certificate of title, rather than through the filing of a financing statement as provided for in Wyoming's Article 9 filing provisions. Indeed, Article 9 filing is neither necessary nor effective to perfect the security interest. Further, it is our conclusion that the duration of such a security interest is perfected so long as the certificate of title in question is valid--that is so long as the mobile home is owned or held by the person in whose name the certificate of title is issued.
 
 
 48
 Accordingly, we hold that, under Wyoming law, a security interest in a mobile home is perfected by the proper filing of a security agreement or financing statement and the notation of the lien or encumbrance in question on the certificate of title. We further hold that such security interest remains perfected so long as the mobile home is owned or held by the person in whose name the certificate of title is issued. The filing of a continuation statement, per Article 9, is not required.
 
 B. Official Commentary
 
 49
 The official commentary to Wyo.Stat. Sec. 34.1-9-302(c) and Sec. 34.1-9-302(d) buttresses our conclusion. Official Comment 8 provides that:
 
 
 50
 Subsection [c] exempts from the [Article 9] filing provisions ... transactions as to which an adequate system of filing, state or federal, has been set up outside this Article and subsection [d] makes clear that when such a system exists perfection of a relevant security interest can be had only through compliance with that system (i.e., filing under this Article is not a permissible alternative). ...
 
 
 51
 [For example] ... many states have enacted certificate of title laws covering motor vehicles and the like. Subsection [c] exempts transactions covered by such laws from the filing requirements of this Article.
 
 
 52
 * * *
 
 
 53
 Wyo.Stat. 34.1-9-302, cmt. 8. This Court regards such commentary as instructive and persuasive in helping us discern the meaning of the statutory provisions in question. As we have previously stated, this Court regards official comments to the Uniform Commercial Code as persuasive authority, even though such comments are not a part of the enacted statute. International Minerals and Chemical Corp. v. Llano, Inc., 770 F.2d 879, 885 n. 2 (10th Cir.), cert. denied, 475 U.S. 1015 (1986).
 
 C. Purpose, Policy and Wyoming Case Law
 
 54
 An articulated legislative purpose of Wyoming's commercial code is to make uniform the commercial law among the various jurisdictions. Wyo.Stat. 34.1-9-102(b); see also First Nat'l Bank v. First Interstate Bank, 758 P.2d 1026, 1039 (Wy.1988), vacated on other grounds, 774 P.2d 645 (1989). Today, all states have statutes that require the issuance of certificates of title for certain vehicles. See discussion in 2 JAMES J. WHITE & ROBERT S. SUMMERS, supra, Sec. 24-22 at 398-402 (3d Ed.1988). In the vast majority of states, a secured creditor is not to resort to the Article 9 filing provisions but is to apply, per the motor vehicles statutes, to have his or her lien noted on the certificate of title itself. Id.
 
 
 55
 Appellant aptly notes that the various, indeed the majority of, state and federal courts that have addressed this issue have held that, when the state's motor vehicle code contains a system of title registration for various vehicles, the motor vehicle code, not the Article 9 provisions, controls the perfection and duration of security interests in such vehicles. We find the determinations made by numerous other courts addressing this or similar issues to be quite persuasive. See, e.g. Bank of Commerce v. Waddell, 731 S.W.2d 61 (Tenn.App.1986); see also Peoples Savings & Loan Ass'n v. Citicorp Acceptance Co., 407 S.E.2d 251 (N.C.App.), review denied 412 S.E.2d 59 (N.C.1991); Rock Island Bank v. Anderson, 534 N.E.2d 200 (Ill.App.1989); Beneficial Finance Co. of Kansas, Inc. v. Schroeder, 737 P.2d 52 (Kan.App.1987); In re Gillett, 77 B.R. 259 (Bankr.D.Mont.1987); In re Davis, 57 B.R. 351 (Bankr.D.S.D.1985); In re Stephens Van Terminal, Inc., 52 B.R. 153 (Bankr.S.D.Fla.1985); Ledford v. Society Bank, 51 B.R. 482 (Bankr.S.D.Ohio 1985); First Nat'l Bank of Denver v. Turley, 705 F.2d 1024 (8th Cir.1983); In re Hughen, 38 B.R. 13 (Bankr.W.D.Okla.1983); First Nat'l Bank of Arizona v. Carbajol, 645 P.2d 778 (Ariz.1982); Matter of Moriarty, 22 B.R. 689 (Bankr.D.Neb.1982); Township of Commercial v. Block 136, Lot 2, Now Lot 13, 431 A.2d 862 (N.J.Super.Ct.Ch.Div.1981); Milwaukee Mack Sales, Inc. v. First Wisconsin Nat'l Bank of Milwaukee, 287 N.W.2d 708 (Wisc.1980); In re Hillstrom Shipbuilding, 5 B.R. 87 (Bankr.D.Ore.1980); Hill v. Bank of Northeast Arkansas, 572 S.W.2d 150 (Ark.1978).
 
 
 56
 Accordingly, our interpretation of the Wyoming Statutes at issue in this case comports with the articulated purpose of making uniform the commercial law among the various jurisdictions.
 
 
 57
 The Wyoming Court has long recognized that the overarching purpose of its uniform commercial code provisions is to provide notice. See e.g. First National Bank v. First Interstate Bank, 758 P.2d 1026, supra; Slates v. Commercial Credit Corp., 412 P.2d 444, 445 (Wyo.1966) (the issue is whether under the laws of this state defendant was constructively noticed of plaintiff's mortgage interest); see also First Nat'l Bank v. First Interstate Bank, 774 P.2d 645 (Wyo.1989) (first lender's initial security agreement adequate to notify other creditors of security interest in aircraft). Indeed, the primary "purpose of chattel security filing statutes is to provide notice, and any interpretive analysis should accord with that purpose." First National Bank, 758 P.2d at 1028.
 
 
 58
 Put another way, "the business purpose inculcated in filing statutes is to permit continued business transactions with ascertainable knowledge of risk factors." Id. at 1028-29. We think that the filing of a security agreement or financing statement, combined with the notation of any lien or encumbrance on the certificate of title, is sufficient to notice the rest of the world of an extant security interest in a mobile home. We further believe that such notice remains effective and perfected so long as the mobile home is owned or held by the person in whose name the certificate of title is issued. To paraphrase a respected commentator, "[i]n a day when virtually every vehicle has a certificate of title and only one certificate of title, it is inconceivable that any [creditor] will be misled.... Even the corner mechanic knows enough to ask to see the certificate of title to determine whether or not there are security interests." 2 JAMES J. WHITE & ROBERT S. SUMMERS, supra, Sec. 24-22 at 401-02.
 
 CONCLUSION
 
 59
 For the foregoing reasons, we hold that, under Wyoming law, a security interest in a mobile home is perfected by the proper filing of a security agreement or financing statement and the notation of the lien or encumbrance in question on the certificate of title. We further hold that such security interest remains perfected so long as the mobile home is owned or held by the person in whose name the certificate of title is issued. The filing of a continuation statement, per Article 9, is not required.
 
 
 60
 Accordingly, the decision of the district court is REVERSED and REMANDED for further proceedings consistent with this decision.
 
 
 
 *
 The Honorable Elmo B. Hunter, Senior United States District Court Judge for the Western District of Missouri, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In re: Lesley Roy Curtis, Case No. 90-00052-A (Bankr.D.Wyo. May 21, 1990) (Chapter 7)
 
 
 [2]
 Green Tree Acceptance, Inc. v. Wyoming National Bank, et al., No. C90-165 (D.Wyo. May 17, 1991)
 
 
 [3]
 Title 31 Wyoming Statutes covers Motor Vehicles and other vehicles requiring a certificate of title under Wyoming law. Article 5 of Title 31 is titled Mobile Homes and applies to mobile homes such as the one at issue in this case. See Wyo.Stat. Secs. 31-2-501 to 31-2-508; Wyo.Stat. Sec. 31-1-101(a)(xxiv)(C) (defining "mobile home" and transportable home)
 
 
 [4]
 It is this type of filing that the Court means when it refers, throughout this opinion, to Article 9 or Wyoming's Article 9 filing provisions
 
 
 [5]
 As noted in note 3, supra, under Wyoming law, a mobile home is included under the Motor Vehicles Statutes as a vehicle requiring a certificate of title
 
 
 [6]
 As noted in notes 3 and 5, supra, Wyoming includes mobile homes as vehicles requiring the issuance of certificates of titles
 
 
 [7]
 The relevant commercial code provision provides in pertinent part:
 Except as provided in subsection (f) of this section a filed financing statement is effective for a period of five (5) years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the five (5) year period unless a continuation statement is filed prior to the lapse.... Upon lapse the security interest becomes unperfected unless it is perfected without filing.
 Wyo.Stat. Sec. 34-21-952(b).
 The bankruptcy court, in a two page order issued after a telephone conference hearing, determined that "Movant Green Tree Acceptance, Inc., has failed to file a Continuation Statement to the Financing Statement filed on July 1, 1983.... The Bankruptcy Trustee ... has a lien which is superior to the unperfected lien of Green Tree Acceptance, Inc." In re: Lesley Roy Curtis, Case No. 90-00052-A (Bankr.D.Wyo. May 21, 1990) (Chapter 7) at 2 (emphasis added).
 The district court, in affirming the bankruptcy court's decision concluded that:
 [A]ppellant Green Tree Acceptance, Inc. had an unperfected security interest. The effectiveness of its previously filed financing statement lapsed as a matter of law upon the expiration of the five-year period from the date of filing the original financing statement. A Continuation Statement was not filed ... to prevent such lapse.
 Green Tree Acceptance, Inc. v. Wyoming Nat'l Bank, et al., No. C90-165 (D.Wyo. May 17, 1991) at 2.
 
 
 [8]
 The statute provides that the secured party may file either a financing statement or security agreement. Appellees, however, by arguing that Wyoming's Article 9 filing and duration provisions obtain, impliedly suggest that it is only the filing of a financing statement that is acceptable. See discussion in III. B., infra
 
 
 [9]
 Wyoming's Article 9 duration provisions provide that a filed financing statement's effectiveness lapses after five years unless a continuation statement is filed prior to the end of the five year period. Wyo.Stat. Secs. 34.1-9-403(b) and 34.1-9-403(c). A plain reading of the statute discloses that a continuation statement is only effective to preserve perfection if tacked to a filed financing statement prior to its lapse. A priori it is a financing statement and only a financing statement that must be filed initially. See discussion in III. B., infra
 
 
 [10]
 Another indication that the Article 9 filing provisions are not intended to apply to mobile homes is the prescribed place of filing. Wyoming's Article 9 filing provisions identify three proper places to file in order to perfect a security interest
 (a) The proper place to file in order to perfect a security interest is as follows:
 (i) When the collateral is accounts or farm products, in the office of the secretary of state and in the office of the county clerk for the county in which the assignor has his principal place of business;
 (ii) When the collateral is timber to be cut, mineral or the like, ... or when the financing statement is filed as a fixture filing ... then in the office where a mortgage on real estate concerned would be filed or recorded;
 (iii) In all other cases, in the office of the county clerk for the county in which the debtor has his principal place of business if any, otherwise his residence....
 Wyo.Stat. Sec. 34.1-9-401(a). Under appellees' argument, subsection (iii) would apply. Wyoming's statutes explicitly state, to the contrary, however, that, in the case of a mobile home, the financing statement or security agreement "must be filed in the office of the county clerk of the county in which the vehicle is located." Wyo.Stat. Sec. 34.1-9-302(e). A plain reading of this provision demonstrates that Wyoming's Article 9 filing provisions are not intended to apply to the perfection of security interests in mobile homes.