2007 UT App 394

Diane HODGE, Petitioner and Appellee,

v.

Michael HODGE, Respondent and Appellant.

No. 20060789–CA.

Court of Appeals of Utah.

Dec. 20, 2007.

Clark W. Sessions and Elizabeth A. Schulte, Salt Lake City, for Appellant.

Kenneth A. Okazaki and Stephen C. Clark, Salt Lake City, for Appellee.

Before BENCH, P.J., McHUGH, and ORME, JJ.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3). Moreover, the issues presented are readily resolved under applicable law.

¶ 2 Michael Hodge (Husband) appeals from the property division provisions of his divorce decree, arguing that (1) the trial court failed to identify what constituted the parties' separate property; (2) the court abused its discretion by not dividing the parties' marital property equally; and (3) the court erred in making its property valuations and calculations. We reverse and remand.

¶ 3 "A trial court has considerable discretion concerning property [division] in a divorce proceeding, thus its actions enjoy a presumption of validity." *Elman v. Elman*, 2002 UT App 83, ¶ 17, 45 P.3d 176 (citation and internal quotation marks omitted) (alteration in original). While we ultimately review a trial court's property division determinations under an abuse of discretion standard, *see Dunn v. Dunn*, 802 P.2d 1314, 1317 (Utah Ct.App.1990), a court's property "distribution must be based upon adequate factual findings and must be in accordance with the standards set by this state's appellate courts," *id.*

¶ 4 Husband correctly argues that "[g]enerally, in a divorce proceeding each party is presumed to be entitled to all of his or her separate property and fifty percent of

the marital property."[1] *Bradford v. Bradford,* 1999 UT App 373, ¶ 26, 993 P.2d 887 (citation, internal quotation marks, and alteration omitted), *cert. denied,* 4 P.3d 1289 (Utah 2000). "This presumptive rule of thumb, however, does not supersede the trial court's broad equitable power to distribute marital property[.]" *Id.* "The overarching aim of a property division … is to achieve a fair, just, and equitable result between the parties … [by] allocat[ing] property in the manner which 'best serves the needs of the parties and best permits them to pursue their separate lives.'" *Noble v. Noble,* 761 P.2d 1369, 1373 (Utah 1988) (quoting *Burke v. Burke,* 733 P.2d 133, 135 (Utah 1987)).

¶ 5 We stress, however, that there is an order to this process. In distributing property in a contested divorce proceeding, "the court should *first* properly categorize the parties' property as part of the marital estate or as the separate property of one or the other." *Burt v. Burt,* 799 P.2d 1166, 1172 (Utah Ct.App.1990) (emphasis added). The court should *then* recognize the presumption that "[e]ach party is … entitled to all of his or her separate property and fifty percent of the marital property." *Id.* The court may, however, then deviate from the presumptive rule if it finds and articulates "exceptional circumstances" warranting such a departure. *Id.* Trial courts must follow this "systematic approach" when making property division determinations. *Kelley v. Kelley,* 2000 UT App 236, ¶ 24, 9 P.3d 171.

¶ 6 Given the complex circumstances of the parties' finances, we commend the trial court for its effort to divide the parties' property equitably and for its thorough and detailed factual findings. We must nonetheless intercede because the court essentially skipped the first two steps prescribed by *Burt* and *Kelley.* Accordingly, we remand for the entry of the threshold findings mandated by *Burt,* and for such adjustments in the prop-

erty distribution as may then be warranted, if any.

¶ 7 "We do not intend our remand to be merely an exercise in bolstering and supporting the conclusion already reached." *Allred v. Allred,* 797 P.2d 1108, 1112 (Utah Ct.App.1990). At the same time we recognize, contrary to Husband's contention, that "[t]here is no fixed formula upon which to determine a division of properties in a divorce action[.]" *Naranjo v. Naranjo,* 751 P.2d 1144, 1146 (Utah Ct.App.1988). Rather, a trial court may exercise its broad discretion and "elect to distribute marital property unequally when the circumstances and needs of the parties dictate a departure from the general rule," *Bradford,* 1999 UT App 373, ¶ 26, 993 P.2d 887, so long as the court justifies its decision by "'memorializ[ing] in … detailed findings' the exceptional circumstances supporting the distribution," *id.* ¶ 27 (citation omitted).

¶ 8 Because we agree that this case must be remanded for the trial court to employ the approach outlined in *Burt,* we need not address the parties' other arguments, other than to observe that if, in the course of its consideration on remand the court determines it made valuation or calculation errors, it should of course correct them. Each party is responsible for his or her own attorney fees incurred on appeal.

¶ 9 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, and CAROLYN B. McHUGH, Judge.

---

**1.** Wife asserts that this argument is raised for the first time on appeal, which should preclude us from considering it. *See State v. Burns,* 2000 UT 56, ¶ 17, 4 P.3d 795 ("[A]n appellate court generally will not review any issue that was not raised in the court below."). However, in her Pre-trial Submission of Relevant Legal Authorities, Wife stated that one of the issues for trial was the division of marital assets and liabilities. She recognized that the court "must first determine the nature of the assets and liabilities, whether … marital or separate, and then make an equitable distribution." Thus, the issue was placed squarely before the trial court and may properly be considered on appeal.