2011 UT App 307

Sandra POLL, Petitioner and Appellee,

v.

James Cook POLL, Respondent and Appellant.

No. 20100765–CA.

Court of Appeals of Utah.

Sept. 9, 2011.

Matthew R. Howell, Provo, for Appellant.

Brent D. Young and Dallas B. Young, Provo, for Appellee.

Before Judges THORNE, VOROS, and ROTH.

OPINION

THORNE, Judge:

¶ 1 Respondent James Cook Poll (Husband) appeals from the trial court's supplemental findings of fact and conclusions of law and the supplemental decree of divorce awarding property the parties purchased during the marriage to Petitioner Sandra Poll (Wife) as her separate property. We affirm.

BACKGROUND

¶ 2 The parties were married on April 8, 2005. Prior to that marriage, Wife had received money from various sources after her first husband died in the September 11 attack on the World Trade Center. Wife placed a substantial portion of those funds in a trust account in her name (Trust Account).

¶ 3 On May 18, 2006, the parties signed a Real Estate Purchase Contract, which designated James C. and Sandra Poll as purchasers of property in Wasatch County (the

Property) for a price of approximately $2,300,000. The parties completed the purchase of the Property and received a warranty deed from the sellers. The warranty deed listed the grantees as "James C. Poll and Sandra Poll, Husband and Wife." On March 16, 2007, the parties signed a warranty deed conveying the Property solely to Wife.

¶ 4 On January 9, 2009, Wife filed a petition for divorce. A two-day trial was held on May 12 and 13, 2010. On the first day, both parties testified with respect to the purchase of the Property. At the conclusion of the first day of trial, the trial court bifurcated the proceedings and concluded that the Property was not marital property but that it belonged to Wife as her separate property. On the second day, the parties reached a resolution on the remaining property division issues and the stipulated resolution terms were stated on the record. In the stipulation, Husband specifically retained his right to appeal the trial court's determination that the Property was not marital property. Thereafter, the court took testimony from Wife concerning jurisdiction and the legal grounds for the divorce. Based thereon, the court entered findings of fact and conclusions of law and a decree of divorce that dissolved the parties' marriage.

¶ 5 On May 18, the trial court held an in-chambers hearing wherein the court supplemented the record as to its reasons for concluding that the Property was Wife's separate property. On August 13, in conformity with its bench rulings, in-chambers hearing, and consistent with the parties' stipulation, the trial court entered supplemental findings of fact and conclusions of law and a supplemental decree of divorce. The supplemental findings set forth the reasons the court found the Property to be Wife's separate property, as follows:

16. The court finds the $2,253,394.99, and the down payment of $50,000, with respect to the [Property], came exclusively from [Wife's Trust Account]....

17. The court finds the real estate purchase contract ... designated the buyer as James C. and Sandra Poll....

18. The court finds the Warranty Deed from the grantor, ... to the grantee, James C. Poll and Sandra Poll as husband and wife, was signed on the 20th day of July 2006....

19. The court finds the Warranty Deed was signed by James C. Poll and Sandra Poll on the 16th day of March 2007 with James C. Poll and Sandra Poll as grantors, conveying the [Property] to Sandra Poll.

20. The court finds there is no dispute with respect to the source of the money for the purchase of the [Property]. That source was [Wife's Trust Account].

21. The court finds [Husband] asserted the theory that a one-half interest in this [P]roperty had been a gift to him.... On direct examination, he claimed that the [P]roperty was a gift.

. . . .

23. The court finds [Wife], the Petitioner, testified that she never intended to make a gift of the [Property] to [Husband] ... and that shortly after the documents were signed she became "terribly concerned."

24. The court finds that it is undisputed ... that the parties made a considerable effort throughout the course of the marriage to keep their assets separate. The court finds they did join in terms of actual operating expenses such as groceries and household goods, but there was a continued separation of their accounts....

25. The court finds the evidence is unpersuasive that Petitioner, [Wife], intended to make a gift of any portion of the [Property].... It is undisputed that [Wife] paid the entire purchase price of approximately $2,300,000.

26. The court finds what is more specific and clear about the testimony from [Husband] that it was his intent to convey this [P]roperty from his estate for purposes of sheltering it from creditors, with the specific intent of removing it from his estate getting it out of his estate [sic], and restoring it to hers.

27. Therefore, the court finds the stronger evidence is that of an intention to keep the [P]roperty separate. In this regard the court finds the evidence of [Wife]

to be credible, and the evidence offered by [Husband] to be not credible.

28. The court finds there was little or no credible testimony from [Husband] regarding the transfer that the parties agreed the title, though transferred to [Wife], would still remain joint marital property in terms of specific reference during the discussions. . . .

. . . .

35. The court finds based upon the facts as the court has found, combined with the overall history of the respective party's marital contributions, including the substantial losses incurred, and then by weighing the equities, the court finds it would not be unjust for [Wife] to retain the [Property] and water right as her separate property.

In the divorce decree the trial court awarded the Property to Wife as her separate property. Husband now appeals.

## ISSUE AND STANDARDS OF REVIEW

¶ 6 Husband argues that the trial court erred in concluding that the Property was not marital property subject to equitable division between the parties. "Generally, [t]rial courts have considerable discretion in determining ... property distribution in divorce cases, and will be upheld on appeal unless a clear and prejudicial abuse of discretion is demonstrated." *Keiter v. Keiter*, 2010 UT App 169, ¶ 16, 235 P.3d 782 (alteration and omission in original) (internal quotation marks omitted). "[W]e review the trial court's legal conclusions concerning the nature of property for correctness." *Id.* (alteration in original) (internal quotation marks omitted). "The question of whether a gift or inheritance has remained separate is highly fact intensive and the trial court is in the best position to weigh the evidence and make that determination." *Stonehocker v. Stonehocker*, 2008 UT App 11, ¶ 29, 176 P.3d 476. "Findings of fact in divorce appeals are subject to the clearly erroneous standard of review." *Id.* ¶ 27.

## ANALYSIS

¶ 7 Husband claims that the trial court abused its discretion in determining that the Property is Wife's separate property. He maintains that the Property should be treated as marital property, arguing that the evidence presented to the trial court demonstrates that Wife intended the Property to be a gift to Husband, effectively changing the nature of the separately acquired funds used to purchase the Property during the marriage to marital property. "The question of whether a gift or inheritance has remained separate is highly fact intensive and the trial court is in the best position to weigh the evidence and make that determination." *Id.* ¶ 29. Utah law provides that "[a] transfer of otherwise separate property to a joint tenancy with the grantor's spouse is generally presumed to be a gift and, when coupled with an *evident intent* to do so, effectively changes the nature of that property to marital property." *Bradford v. Bradford*, 1999 UT App 373, ¶ 22, 993 P.2d 887 (emphasis added) (citation omitted).

¶ 8 In this case, the record evidence supports the trial court's determination that Wife had rebutted the gift presumption. The trial court, in its supplemental findings of fact and conclusions of law, found that the evidence was unpersuasive that Wife intended to make a gift of any portion of the Property, and that the stronger evidence demonstrated an intention by the parties to keep the Property separate. The court identified the evidence that corroborated its findings on the parties' intent and determined that Wife's testimony was credible and Husband's was not. Specifically, the court found that Wife convincingly testified that she never intended to make a gift of the Property to Husband and that the parties made a considerable effort throughout the course of their marriage to keep their assets separate. The court further found that it was clear from Husband's testimony that he signed the warranty deed conveying the Property to Wife with the intent of removing it from his estate and restoring the Property to Wife's separate estate, and that there was little or no credible testimony to support Husband's claim that, although Husband transferred the

Property to Wife, the parties had agreed that it would remain joint marital property.

¶ 9 Based on our review of the record evidence, we conclude that adequate evidence exists to support the trial court's findings that the parties intended to keep their assets, including the Property at issue, separate. According to the trial testimony, Wife did not intend to make a gift of the Property to Husband,[1] and Husband removed the Property from his estate by deeding it to Wife alone.[2] Although the parties' evidence and testimony may be susceptible to more than one interpretation the trial court, as the fact finder, is to consider and weigh all of the conflicting evidence and find the facts, *see generally Kimball v. Kimball*, 2009 UT App 233, ¶ 20 n. 5, 217 P.3d 733, and determine the credibility of the witnesses, *see State v. Workman*, 852 P.2d 981, 984 (Utah 1993). "In a bench trial or other proceeding in which the judge serves as fact finder, the court has considerable discretion to assign relative weight to the evidence before it. This discretion includes the right to minimize or even disregard certain evidence." *State v. Comer*, 2002 UT App 219, ¶ 15, 51 P.3d 55 (internal quotation marks omitted). The trial court, as the fact finder in this case, prop-erly considered both the oral and documentary evidence, weighed the conflicting evidence and determined that Wife's testimony was more credible, the evidence offered by Husband was not credible, and concluded that the stronger evidence is that of an intention by the parties to keep the Property separate.

¶ 10 The evidence adequately supports the trial court's findings on the parties' intention regarding the nature of the Property, and as such said findings are not clearly erroneous. Evidence was presented during the bench trial as to each party's theory and the trial court, as the trier of fact, found more credibility in Wife's testimony. Husband emphasizes the evidence that supports his theory that Wife intended the Property to be a gift to him but does not, however, demonstrate how the trial court's findings are clearly erroneous given the court's duty as the fact finder to weigh the evidence and make credibility determinations. Accordingly, we conclude that the trial court did not abuse its discretion in determining that the Property is Wife's separate property and affirm the trial court's supplemental findings of fact and conclusions of law and the supplemental decree of divorce awarding the Property the parties purchased with Wife's money as her separate property.[3]

1. Wife testified that she included Husband's name on the Property's purchasing documents because the parties "were married, and quite frankly, ... I didn't think about it at the time," but that she did not intend to make Husband a gift of the Property when she included his name on those documents.

2. Husband's testimony demonstrates that he intentionally conveyed the Property to Wife for the purpose of taking it out of his estate. Husband testified as follows:

   Q. If you'll look at Exhibit 3, the deed from the [sellers] to you and [Wife]. Was it your understanding at the time of the closing that the [P]roperty would be put into both of your names?
   A. Yes. I saw our names on the—on the document....
   Q. *Okay. Some seven or nine months later, the property was taken out of yours and her name and put into her name only, do you recall that?*
   A. *Yes, I do.*
   Q. Can you tell the Court why that happened?
   A. Well as I've described, StimTrainer had some issues with original founders and officers with their performance of their duties....
   ....

   A. ... [W]e[, the officers,] all agreed that we didn't have the funds to purchase ... liability insurance, even though I thought that was the best solution.... And the board decided that we would just handle our own affairs personally. I don't know [who recommended] that we remove any assets.... They said maybe you should look at taking the [Property] out of your name, if it is in your name.... And so I—I said, yeah. That's a good idea.
   Q. Is there any reason other than that ... you deeded the [P]roperty out of yours and her names into her name only?
   A. That was the sole reason for me.
   Q. Did you discuss this whole issue with her?
   A. Of course. Yes.
   (Emphases added.)

3. Husband also argues that the trial court erred in finding that "it would not be unreasonable to conclude that [Husband's] objective would constitute a potentially fraudulent conveyance" and, as such, could not request a court of equity to reform the deed. Because we determine that the court did not err in finding that Wife had not intended to gift the Property to Husband in the first instance, we need not consider whether the second deed returning the Property to Wife was done for any improper purpose.

## CONCLUSION

¶ 11 Husband asserts that the trial court abused its discretion in determining that the Property is Wife's separate property because record evidence exists to support his argument that Wife intended the Property to be a gift to him. The trial court, in this case, considered and weighed all the evidence and determined that Wife's evidence that she did not intend to gift the Property to Husband was stronger than Husband's contrasting evidence. The trial court in a bench trial has considerable discretion to assign relative weight to the evidence before it, *see Comer*, 2002 UT App 219, ¶ 15, 51 P.3d 55, determine the credibility of the witnesses, *see Workman*, 852 P.2d at 984, and find the facts. The record evidence adequately supports the trial court's findings regarding the parties' intention pertaining to the Property. As a result, we conclude that the court did not abuse its discretion and affirm the judgment.

¶ 12 Affirmed.

¶ 13 WE CONCUR: J. FREDERIC VOROS JR. and STEPHEN L. ROTH, Judges.