JAMES Z. DAVIS, Judge
(concurring in part and dissenting in part):
185 I concur in the majority's opinion except as to Part I. I think the trial court should have used the salary Johnson would have been earning at the time of retirement if he had continued at the E-5 rank in calculating Zorie's share of the retirement benefit.
1386 First, I disagree with the majority's assertion that the trial court's calculation of the benefit was subject to an abuse of discretion standard. Certainly, a trial court's award of retirement benefits is entitled to deference.[1] See Oliekan v. Oliekan, 2006 UT App 405, ¶ 16, 147 P.3d 464. But the award itself was determined by the trial court when the parties divorced in 1984; Zoric was awarded half of the marital share of the retirement benefit, to be paid as Johnson began receiving the retirement benefit. When Zorie sought to actually obtain her share of the retirement benefits in 2008, the trial court was tasked only with determining whether the additional benefit realized as a result of Johnson's promotion was subject to distribution under the Woodward formula, a determination that, unlike the award itself, is not entitled to deference. Where a party has been awarded an equal share of the marital portion of the other party's retirement, as here, the correct calculation is a matter of law because it turns on the question of what portion of the retirement benefit constitutes marital property. See generally Poll v. Poll, 2011 UT App 307, ¶ 6, 263 P.3d 534 (explaining that the question of whether property is marital or separate is a question of law, which we review for correctness), cert. denied, No. 20110894 (Utah Jan. 17, 2012).
137 I believe that the entire difference between the E-7 retirement benefit and the E-5 retirement benefit should be considered separate property, as a matter of law, and that Zoric should not be entitled to a 20.8% share of that difference. Thus, I disagree with both the "bright line" theory and the "marital foundation" theory, see supra 14 16-17, as used in the context of this case. This is not a situation where the employee spouse received normal raises, such as cost of living and the like, while continuing in the same employment. In such a situation, I would agree with the majority that the marital foundation theory is the more appropriate *564 approach. But in this ease, Johnson received a promotion to a position with a higher pay grade. Zorie did not contribute to this promotion, which occurred after the marriage ended.[2] Unlike periodic raises, promotion to a higher position does not necessarily occur in the course of employment. Therefore, an additional return on Zoric's investment in Johnson's retirement, based on his later promotion to E-7, was not part of her expected benefit at the time of the divorce.[3]
1 38 My approach is not equivalent to that advocated by the bright line approach, which calculates a spouse's share of a pension benefit using the employee's salary at the time of divorce, see supra 1 16, because I would give Zoric the benefit of increases to the retirement benefit due to normal raises in the E-5 salary-a benefit I believe she is entitled to in return for her having to wait for payment of her share of the retirement. Given that the E-5 salary at the time of Johnson's retirement may be easily determined,[4] I would calculate Zorie's pension benefit as 20.8% of the benefit Johnson would have received if he had retired at the E-5 rank.[5] I do not believe that this approach would unduly complicate the Woodward formula, and I think it would ultimately result in a more accurate and equitable method of dividing the marital portion of undefined retirement assets.

. There is nevertheless "an order to"" the process of property distribution. See Hodge v. Hodge, 2007 UT App 394, ¶ 5, 174 P.3d 1137 (mem.). In dividing marital property, a trial court is expected to "recognize the presumption that [eJlach party is ... entitled to all of his or her separate property and fifty percent of the marital property." Id. (alteration and omission in original) (internal quotation marks omitted). In order to depart from that presumption, the trial court must make a specific finding of "exceptional circumstances warranting such a departure." Id. (internal quotation marks omitted). Unless such circumstances are found, the trial court may not award a party less than his or her equal share of the marital property. The trial court also has significant discretion to determine how best to achieve the equal distribution, see id. ¶ 4; Boyer v. Boyer, 2011 UT App 141, ¶¶ 10-11, 259 P.3d 1063, although deferred distribution is preferred in the case of undefined benefits, see Bailey v. Bailey, 745 P.2d 830, 832-33 (Utah Ct.App.1987).

. I do not agree with the majority's assertion that Zoric contributed to the promotion merely because Johnson could not have "achieve[d] E-7 without having first achieved E-5," supra 117. Although there are certainly circumstances where one spouse is entitled to compensation for contributions made to the other spouse's earning capacity, of. Utah Code Ann. § 30-3-5(8)(vii) (Supp.2011) (providing that "whether the recipient spouse directly contributed to any increase in the payor spouse's skill by paying for education received by the payor spouse or allowing the payor spouse to attend school during the marriage" is a factor the trial court should consider in awarding alimony), there is no evidence of any specific contribution made by Zoric to Johnson's earning capacity apart from the fact that she was married to him while he was employed at the E-5 rank. It is to be expected that a person's earning capacity will generally increase throughout his or her life, with or without the assistance of a spouse, and I do not believe that a person is entitled to benefit from all future improvements in his or her spouse's financial situation merely by virtue of their having been married for some period of time.

. It is true that employees will frequently receive promotions in the course of their careers, but the benefits of such promotions are merely hoped for, not expected.

. I recognize that such a calculation may not be possible in circumstances where an employee's position does not have a clearly defined salary. In such circumstances, it may be necessary to calculate the spouse's share based on the actual retirement benefit-somewhat analogous to equally dividing technically "separate" property due to its having been "inextricably commingled" with the marital estate, see, e.g., Burt v. Burt, 799 P.2d 1166, 1169 (Utah Ct.App.1990). However, where a more accurate calculation is possible, such as in the case of military or government employees, I believe the more accurate calculation should be made.

. Consistent with this position, I would assert that the same would be true if Johnson had received a demotion to a lower salary level. Despite such a demotion, Zoric would still be entitled to what she would have received if Johnson had remained at the E-5 rank. Such a result is supported by Woodward's explanation that a spouse who is awarded an equal share of deferred retirement proceeds is entitled to a share of the retirement even if the employee spouse elects to leave his employment before the retirement benefits vest. See Woodward v. Woodward, 656 P.2d 431, 433 (Utah 1982).