IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| In the Matter of the Estate of Rayma Lynnette Percell, deceased. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | OPINION <br><br> Case No. 20110651-CA <br><br><br> F I L E D <br> (December 6, 2012) <br><br> 2012 UT App 337 |
| Diana Lynn Lohman, <br><br> Petitioner and Appellee, <br><br> v. <br><br> Galen Headley, <br><br> Respondent and Appellant. | | |

-----

Seventh District, Monticello Department, 103700010
The Honorable Lyle R. Anderson

Attorneys:    Christina R. Sloan, Moab, for Appellant
              Craig C. Halls, Blanding, for Appellee

-----

Before Judges Orme, Davis, and Thorne.

THORNE, Judge:

¶1     Galen Headley appeals from the district court's Order on Motion for Delivery of Property wherein the court determined ownership of property and ordered Headley to transfer certain pieces of property to Diana Lynn Lohman, the personal representative of the estate of Rayma Lynnette Percell. We affirm.

## BACKGROUND

¶2     Headley and Percell began dating in 1991. Headley moved into Percell's home with her in 1992, which home she later conveyed into joint tenancy with Headley. Headley and Percell owned two other properties jointly. Percell solely owned an RV park called the Cadillac Ranch RV Park (the Cadillac Ranch) and Headley solely owned a company, Juanco Construction.

¶3     In 1995, Headley picked out a used 1975 Massey Ferguson 180 tractor that he and Percell agreed would be used to complete the construction of the Cadillac Ranch. On November 29, 1995, Percell signed a retail purchase order for the tractor, which lists Percell as the owner of the tractor. Percell made the initial payment of $3,950 with a personal check and the remaining $10,000 with a cashier's check. Percell paid the taxes on the tractor from 1995–1997. Percell did not personally use the tractor or spend any more money for its general upkeep. Headley used the tractor both for work done at the Cadillac Ranch and with Juanco Construction. Headley paid for the insurance on the tractor for the years 1996, 1998, and 1999, and taxes since 2002.

¶4     In December 2009, Percell died. Lohman, Percell's daughter, filed an application for informal probate and was appointed as personal representative in March 2010. In February 2011, Lohman filed a motion for delivery of property. Headley objected to the motion, claiming ownership of several of the listed items, including the tractor. The district court held a hearing wherein Headley testified that he had made payments to Percell for the tractor and that he believed the checks he gave to her were made to reimburse Percell for the money he borrowed from her to purchase the tractor. Headley also testified that he had paid the insurance and taxes on the tractor as well as all repair and maintenance costs.[1] The district court ruled that the tractor belongs to the Percell estate. Thereafter, the court ordered Headley to transfer the tractor to Lohman. Headley appeals.

---

[1]Headley presented checks and invoices for some of the money he spent on the tractor.

## ISSUE AND STANDARD OF REVIEW

¶5    Headley argues that he rebutted the presumption of ownership created by a bill of sale by presenting legally relevant evidence of equitable ownership of the tractor that the district court failed to consider. "[W]hen reviewing questions of fact, we defer to the trial court's findings and do not set them aside unless clearly erroneous." *State v. Visser*, 2001 UT App 215, ¶ 8, 31 P.3d 584.

## ANALYSIS

¶6    Headley claims that he presented legally relevant evidence of equitable ownership of the tractor sufficient to rebut the presumption of ownership. Headley maintains that Utah courts utilize nine factors in determining equitable ownership. He asserts that he presented sufficient evidence for each of those factors and that the district court erred by not considering all of the evidence.

¶7    Headley argues that the relevant factors, compiled from various cases, are as follows: (1) possession; (2) agreement or intent to purchase; (3) exclusive use; (4) payment or value exchanged; (5) title or application for title, if applicable; (6) insurance or application for insurance; (7) control; (8) bill of sale; and (9) third-party security interests. *See Johnston v. Simpson*, 621 P.2d 688 (Utah 1980); *Dahl v. Prince*, 230 P.2d 328 (Utah 1951); *Pacific Intermountain Express Co. v. State Tax Comm'n*, 161 P.2d 359 (Utah 1945); *Jackson v. James*, 89 P.2d 235 (Utah 1939); *Allstate Ins. Co. v. Liberty Mut. Ins. Grp.*, 868 P.2d 110 (Utah Ct. App. 1994); *Lake Philgas Serv. v. Valley Bank & Trust Co.*, 845 P.2d 951 (Utah Ct. App. 1993). Headley argues that the district court "did not allow [Headley's] testimony regarding fourteen years of exclusive possession, use, and control—or the $27,648.32 that he spent on loan payments, repair, maintenance, insurance, and taxes—to rebut the presumption of ownership created by the Bill of Sale and initial expenditure of the purchase price." Headley further argues that the court failed to weigh evidence of Percell's relinquishment of ownership established by Percell's decision to stop paying taxes on the tractor in 1997, Percell's consent to allow Headley to use, repair, maintain or insure the tractor after its purchase while failing to do so herself, and Headley's own belief of ownership.

¶8    In support of his assertion that the district court did not consider the above evidence, Headley directs us to two sections of the transcript. The first transcript section

contains opposing counsel's argument, wherein Headley asserts Lohman's counsel asked the court not to weigh all of the evidence but to find for Lohman based on the existence of the bill of sale. The second section comprises the district court's oral ruling, in which Headley argues the court explained that, in determining ownership of the tractor, the court could not consider factors other than writings and express directives. Neither section, however, demonstrates that the district court failed to consider all of the evidence. Instead, the transcript shows that opposing counsel merely asked the court to consider and interpret certain pieces of evidence in favor of Percell's ownership of the tractor. The district court's oral ruling and written order demonstrate that the court considered the evidence but weighed it differently than Headley. The district court's oral ruling is as follows:

> [W]ith respect to the tractor, . . . the—*the great weight of the evidence is that the initial, . . . expenditure was by . . . Percell* and that it was for . . . the use on her ranch, her property. Now this—this is not about what would be fair. It is not my responsibility to determine how good these people are, how well they treated . . . Percell . . . or even what she would want, if she were alive today. *The question is I can only consider her desire to the extent that they are expressed in her will. Otherwise they are irrelevant. I can only consider her intent with respect to what . . . transactions she made, and made during her lifetime, and though I gave . . . Headley several chances to tell me that he had a discussion with . . . Percell about somehow him acquiring a share of ownership or all of ownership of that tractor, in fact, he never did say that there was [at] any time when he discussed the subject with her, and I'm forced to conclude that they never ever talked about him becoming the owner.* And if they never talked about him becoming the owner, he's not entitled to become the owner simply by assuming that he has become the owner because of his hard work or because of the moneys he spent to fix it up, *all of those things that he may very well have done simply because . . . he was using it so much for his own purposes that he ought to be responsible to fix it or that he was claiming it on his tax returns, getting some tax benefit from that, so maybe he ought to pay something.* I have—no idea why he claimed it on his tax returns or why

> he spent all of this money on it. *But what is absolutely clear is*
> *that she never agreed to sell it to him, and therefore I find that that*
> *is property of the estate and must be delivered to the estate.* Now
> that's only the actual items that are in the bill of sale.

(Emphasis added.) Likewise, the court in its order stated "[w]ith regard to the Tractor the greatest weight of the initial evidence establishes that Rayma Percell bought the Tractor." The court then found that "the parties never talked about [Headley] being the owner," and that although Headley "may have spent substantial sums of money on the maintenance of the Tractor, . . . [that] does not change or establish a transfer of ownership."

¶9     The evidence in this case is capable of more than one interpretation. The evidence of Headley's fourteen years of exclusive possession, use, and control as well as the money he spent to repair, maintain, and pay insurance and taxes on the tractor are factors which tend to demonstrate Headley's equitable ownership of the tractor. That same evidence, however, is also consistent with an arrangement for Percell to loan the tractor to Headley with the understanding that he would pay for the insurance and upkeep of the tractor and be allowed to take any resulting tax deduction. When the evidence is susceptible to more than one interpretation, the district court, as the fact finder, is to consider the evidence and has significant discretion to assign relative weight to the evidence before it. *See Poll v. Poll*, 2011 UT App 307, ¶ 9, 263 P.3d 534 ("Although the parties' evidence and testimony may be susceptible to more than one interpretation the trial court, as the fact finder, is to consider and weigh all of the conflicting evidence and find the facts, and determine the credibility of the witnesses." (citations omitted)); *see also id.* ("In a bench trial or other proceeding in which the judge serves as fact finder, the court has considerable discretion to assign relative weight to the evidence before it." (citation and internal quotation marks omitted)). The court's discretion "includes the right to minimize or even disregard certain evidence." *Id.* (citation and internal quotation marks omitted).

¶10     Here, the record evidence supports the district court's determination that Headley did not rebut the presumption of ownership created by the bill of sale. In opposition to the evidence Headley presented in favor of his equitable ownership of the tractor there is testimony that Percell did not sell or gift the tractor to Headley but that he simply paid for the expense of the operation of the tractor while he was using it. According to Headley's testimony, when the tractor was purchased he and Percell had a

conversation that they were going to buy a tractor for the Cadillac Ranch, but that they did not discuss ownership of the tractor. Headley further testified that the tractor belonged to the Cadillac Ranch but that sometime after its purchase Headley assumed the tractor was entirely his own and Percell did not object. The district court weighed this and all of the other ownership evidence and determined that the stronger evidence is that Percell purchased the tractor and did not transfer its ownership to Headley. The evidence adequately supports the district court's interpretation of the evidence, and as such, the court was within its discretion to determine that Headley had not rebutted the presumption of ownership. We affirm the district court's order requiring Headley to transfer the tractor to Lohman, the personal representative of Percell's estate.

## CONCLUSION

¶11    Headley argues that the court did not consider all of the evidence, which he asserts rebutted the presumption of ownership of the tractor. The district court, in its considerable discretion, considered and weighed all of the ownership evidence but determined that the stronger evidence established that Percell purchased the tractor and did not discuss, nor transfer ownership of the tractor to Headley. The record evidence supports the court's interpretation of the evidence in this manner. Thus, we affirm the court's order.


_____

William A. Thorne Jr., Judge


-----


¶12    WE CONCUR:


_____

Gregory K. Orme, Judge


_____

James Z. Davis, Judge